# DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

KENNETH TAGGART, on behalf of himself and all others similarly situated
45 Heron Rd, Holland, Pa 18966

### Plaintiff

v.                                                    **JURY TRIAL DEMANDED**

**The Honorable Jeffrey Saltz, in his personal capacity**
**The Court of Common Pleas Montgomery County**
2 E Airy St, Norristown, PA 19401

### Defendant

v.

**The Honorable Francesco Ott, in her personal capacity**
530 Walnut St., Suite 315, Philadelphia, PA 19106

### Defendant

v.

**The Honorable Ann Lazaras , in her personal capacity**
530 Walnut St., Suite 315, Philadelphia, PA 19106

### Defendant

v.

**Honorable Susan Pikes Gantman, in her personal capacity**
530 Walnut St., Suite 315, Philadelphia, PA 19106

### Defendant

v.

**WELLS FARGO BANK N.A.**
3476 State View Blvd, Fort Mill, SC 29715

      Defendant

      v.

**PHELAN HALLINAN & SCHMEIG LLP**
One Penn Center Plaza, 1617 JFK Blvd - Suite 1400
Philadelphia, Pa 19103-1814

    and any successor in interest

      Defendant

      v.

**REED SMITH LLP**
Three Logan Square 1717 Arch Street, Suite
3100 Philadelphia, PA 19103

      Defendant

---

# COMPLAINT

---

## SHORT AND PLAIN STATEMENT

1. Plaintiff brings these claims against the Commonwealth of Pennsylvania for civil rights violations during the course of litigation involving a foreclosure action filed by Wells Fargo Bank N.A. against Kenneth Taggart on April 1, 2010. The Court of Common Pleas of Montgomery County, Pennsylvania entered a judgment in the foreclosure action in favor of Wells Fargo Bank N.A. and against Kenneth Taggart on March 27, 2018.

2. Undisputed facts in the case reveal that Wells Fargo Bank N.A. did not actually own

2

the mortgage when it filed its foreclosure action on April 1,2010. The undisputed facts reveal that Wells Fargo did not own the note and mortgage until April 5, 2010…4 days after the complaint was filed, depriving Wells Fargo "Standing", subject matter jurisdiction, personal jurisdiction, and in rem jurisdiction. Counsel for Wells Fargo Bank N.A., Phelan, Hallinan and Schmeig, LLP filed the claims and continued at all stages of the litigation to make false statements with the court that it had "Standing", and jurisdiction, when it knew Wells Fargo did not own the mortgage and note on April 1,2010…when the foreclosure action was filed.

3. Additionally, undisputed facts reveal that Wells Fargo failed to provide the necessary prerequisite foreclosure notices pursuant to the mortgage contract prior to filing its foreclosure complaint. Kenneth Taggart cited Wells Fargo's failure to provide pre-foreclosure notices pursuant to the mortgage contract as conditions precedent to file a foreclosure action and properly maintain "Standing", subject matter jurisdiction, personal jurisdiction, and in rem jurisdiction. Wells Fargo Bank was required pursuant to the mortgage contract to provide *notice of intent to accelerate* the mortgage, and a *notice of intent to foreclose,* to his last known address or notice address. The record reveals that neither notice was properly effectuated to comply with conditions precedent to file a foreclosure action and convey :"Standing", subject matter jurisdiction, personal jurisdiction, and in rem jurisdiction.

4. Furthermore, Wells Fargo Bank filed its foreclosure action claiming it was a successor in interest to the originator of the note and mortgage… an entity known as "American Partners Bank F.S.B". The note and mortgage were claimed to have been originated on December 16, 2008 by "American Partners Bank F.S.B". Admissible evidence from the Federal Government reveal that "American Partners Bank F.S.B" was actually merged out of existence over 11 months prior to alleged origination on, January 20,2008. "American Partners Bank F.S.B" was merged out of existence, and a new entity was created on January 20, 2008, known as Waterfield Bank N.A.  Despite this evidence, the court erroneously *concluded* that Waterfield

3

Bank N.A. was the original lender. The court, *sua sponte*, concluded that Waterfield Bank was the actual lender who originated and perfected the mortgage and note, <u>despite the evidence, or Wells Fargo ever pleading that Waterfield Bank was the originator of the loan.</u> *Emphasis Added.*

5.      Finally, during the course of the litigation, the Court of Common Pleas, ignored the evidence in the case. The Court of Common Pleas ignored the evidence that Wells Fargo Bank did not own the note and mortgage on April 1,2010 when the foreclosure complaint was filed, and did not effectuate service of pre-foreclosure notices pursuant to the mortgage contract as admitted by Wells Fargo. The court also inexplicably, without evidence, concluded that Waterfield Bank was a lender who erroneously created a mortgage using the name "American Partners Bank F.S.B." without any evidence that they had created the mortgage.

6.   The Court of common Pleas failed to follow the Pennsylvania Rules of Civil Procedure, ignored case law, improperly drew inferences and erroneous conclusions without support for its, orders, judgment, and opinions in this case. The Court of Common Pleas ignored the lack of "Standing", and jurisdiction, at all stages of the litigation whereas it failed to cite the undisputed facts that Wells Fargo Bank N.A. did not own the mortgage and note on April 1, 2010, nor have any legal standing or jurisdiction to file a foreclosure action.

7.   The Court of Common Pleas ignored evidence that conditions precedent were not met pursuant to the mortgage contract that no "notice of intent to accelerate the mortgage", nor any "notice of intent to foreclose" were ever effectuated by Wells Fargo Bank. The Court of Common Pleas also, *inter alia*, improperly drew inferences, without any pleadings of Wells Fargo Bank, nor Kenneth Taggart, that Waterfield Bank was the original lender who perfected the mortgage and note pursuant to Pennsylvania Law. The Superior Court failed to properly effectuate a review of Taggart's appeal by, *inter alia*, not properly reviewing the evidence, pleadings, and case law. The Superior Court failed to provide proper review of the case, and

4

deprived Taggart of his due process rights equal protection under the law, and deprived him of his property rights.

## PARTIES TO THE COMPLAINT

8. Plaintiff, Kenneth Taggart, 45 Heron Rd, Holland, Pa 18966.

9. The Honorable Jeffrey Saltz (In their personal capacity), The Honorable Paula Francesco Ott (In her personal capacity ) The Honorable Ann Lazaras (In her personal capacity ), and the Honorable Susan Pikes Gantman (In her personal capacity),

10. Defendant, Wells Fargo Bank N.A., 3476 State View Blvd, Fort Mill, SC 29715.

11. Defendant, Phelan Hallinan, Jones & Schmieg, LLP. ( or any successor in interest),One Penn Center Plaza, 1617 JFK Blvd - Suite 1400, Philadelphia, Pa 19103-1814. (Counsel for Wells Fargo in the Court of Common Pleas, Montgomery County Pennsylvania)

12. Defendant, Reed Smith LLP Address: Three Logan Square 1717 Arch Street, Suite 3100 Philadelphia, PA 19103. (Counsel for Wells Fargo in Superior Court of Pennsylvania)

## LEGAL AUTHORITY RELIED ON TO FILE CLAIMS

13. These claims are made against the Commonwealth of Pennsylvania, and persons as described herein for violations of Kenneth Taggart's Constitutional Rights pursuant to the 1st, 5th 8th, and 14th Amendment of the United States Constitution, and Pennsylvania Constitution, and herby files this claim for relief pursuant to 42 U.S. Code § 1983, and Plaintiff brings this suit pursuant to Title 42 U.S. Code § 1983 for violations of the federal CIVIL RIGHTS ACT 42 U.S.C.A. Section 1983. Federal law, and the laws of Pennsylvania pertaining to Tort, Fraud, Malicious Prosecution, and Abuse of Process.

5

14.  Plaintiff asserts certain protections guaranteed to him by the First, Fifth, Ninth and Fourteenth Amendments of the federal Constitution, by the defendant(s) under color of law in his/her personal, or individual capacity as a judge in the Court of Common Pleas of Montgomery County, The Honorable Jeffrey Saltz, Superior Court of Pennsylvania, Justices, Ann Lazaras, Justice Paula Ott, and Justice , Susan Pikes Gantman.

## **HISTORY**

15.  On or about, April 1, 2010, Wells Fargo Bank N.A., via counsel, Phelan Hallinan & Schmeig, LLP, filed an action in foreclosure against Kenneth Taggart in the *Montgomery County Court of Common Pleas, CV 2010-08638*.

16.  The Honorable Jeffrey Saltz, entered a final order in favor of Wells Fargo Bank N.A. on March 27, 2018.

17.  An order denying "Reconsideration" to the March 27, 2018 order was entered on April 24, 2018.

18.  The Superior Court of Pennsylvania Affirmed the Order of the Court of Common Pleas entered on March 27, 2018, on August 1, 2019.

19.  A Petition for Allowance for Appeal was filed on October 29,2019, Pennsylvania Supreme Court, 640 MAL 2019.

20.  There has been no response from the Pennsylvania Supreme Court as of the filing of this complaint if they will grant Taggart's petition for review.

## **UNDISPUTED  FACTS**

21.  **The following facts are undisputed in this case:**
a)  On April 1, 2010, Wells Fargo Bank N.A. (via counsel, Phelan, Hallinan & Schmeig, LLP) filed a foreclosure action in the Montgomery County Court of Common Pleas against , Kenneth Taggart, pertaining to a property he owns at: 709 Schwab Rd, Hatfield, Pa 19440. - *See Exhibit "A"*

6

b) On, April 5, 2010, Wells Fargo Bank N.A., became owner of the mortgage and note as evinced by the assignment of mortgage, and corrective assignment of mortgage, proffered to the court via evidence submitted by counsel, Phelan, Hallinan & Schmeig, LLP. - *See Exhibit "B" and "C"*

**...noting ownership of the note and mortgage began after foreclosure action was filed.**

c) Wells Fargo Bank N.A. admitted it never provided, or effectuated, either a "notice of intent to accelerate the mortgage", or a "notice of intent to foreclose" pursuant to the mortgage contract + note prior to foreclosure. *See Mortgage and Note – Exhibits "I" & "J".*

d) Wells Fargo Bank N.A. claimed that it was successor in interest to a mortgage and note originated and perfected by American Partners Bank F.S.B. in all of its pleadings in the case. - *See Exhibit "A", "B" and "C"*

e) The Court of Common Pleas entered a judgment on March 27,2018 in favor of Wells Fargo Bank N.A., and subsequent opinion, which concluded that Wells Fargo owned the note and mortgage on April 1,2010, Wells Fargo effectuated pre-foreclosure notices, and that Waterfield Bank was actually the original lender who erroneously used the name of "American Partners Bank F.S.B" but the erroneous use of the name "American Partners Bank F.S.B" , and was not fatal to the perfection of the loan. *–See Exhibits "D" & "F".*

f) Wells Fargo Bank N.A. never pled that it was successor in interest to a mortgage and note originated and perfected by Waterfield Bank N.A., or that Waterfield Bank N.A. was the original lender. - *See Exhibit "A", "B" and "C"*

g) Evidence from the United States Government, including the FDIC and Office of Inspector General of the United States Treasury specifically state that" American Partners Bank F.S.B. was merged out of existence". American Partners Bank F.S.B. did not exist on December 16, 2008. - *See Exhibit "H".*

h) There is no evidence, nor any pleadings, that evince Waterfield Bank N.A. was the original lender who erroneously used an old name as alleged in the opinion of The Honorable Jeffry Saltz of the Court of Common Pleas – *See Judgment and Opinion – Exhibits "D" & "F".*

i) The judgment entered on, March 27, 2018, was entered despite discovery not being concluded in the case, nor pleadings being closed. The motion for summary judgment was entered despite Pa Rule 1035.1 stating specifically that:

*General Rule.* **After the relevant pleadings are closed**, but within such time as not to unreasonably delay trial, and in accord with any case-specific case management order, any party may file a motion for summary judgment, as provided in Pa.R.C.P. No. 1035.1 et seq., and this local rule.

## PRELIMINARY ALLIGATIONS

22. During the course of the litigation in the Court of Common Pleas, Wells Fargo, via Counsel, to Phelan Hallinan, Jones & Schmieg, LLP, proffered to the court on April 1,2010 in its complaint that it owned the mortgage and note when it knew it did not own the mortgage, or note. - *See Exhibit "A", "B" and "C"*

23. During the course of the litigation in the Court of Common Pleas, Wells Fargo, via Counsel, to Phelan Hallinan, Jones & Schmieg, LLP, continually, and repeatedly committed " "Fraud", and "Fraud on the Court" when it continually proffered it was the owner of the mortgage and note on April 1,2010, including it its Complaint, Motion for Summary Judgment, other pleadings.

24. Wells Fargo, and counsel Reed Smith, continued the "Fraud" and "Fraud on the Court", in its brief, and its pleadings with the Superior Court of Pennsylvania, by knowingly proffering to the Superior Court that Wells Fargo was the owner of the mortgage and note on April 1, 2020…when it knew it was not - *See Exhibits "A", "B", and "C".*

25. Wells Fargo, as well as all counsel knew that it did not become owner of the mortgage and note until April 5,2010 depriving them of "standing", and jurisdiction in the case.

26. The judgment entered by the court on March 27,2018 was *void ab initio* for lack of

"standing", in rem jurisdiction, personal jurisdiction, or subject matter jurisdiction.

*See Exhibit "D"*

27. During the course of the litigation, the Court of Common Pleas of Montgomery County and the Honorable Jeffrey Saltz, deprived Kenneth Taggart of Constitutional Rights under the United States Constitution, and Pennsylvania Constitution, by *inter alia*, ignoring evidence, failing to comply with Pa Rules of Civil Procedure, and following applicable case law and legal principals.

28. The **order** entered on March, 27, 2018 by the Honorable Jeffrey Saltz, of the Montgomery County Court of Common Pleas, deprived Taggart of his Constitutional rights under the United States Constitution and Pennsylvania Constitution by failing to effectuate Due Process, depriving him of his Property Rights, and Equal Protection under the Law, including depriving him of his 5th and 14th Amendment Rights under the United States Constitution.

29. The Court of Common Pleas, by way of the order entered by the Honorable Jeffrey Saltz, deprived Taggart of his First Amendment of Free Speech when it issued the orders of March 27, 2018, and denying reconsideration on April 24, 2018for prior litigation against the state and the court of common pleas for, *inter alia*, allowing robo-signing to knowingly continue in the Court of Common Pleas of Montgomery County.

30. The Court of Common Pleas, by way of the order entered by the Honorable Jeffrey Saltz, again deprived Taggart of his due process and property rights when it issued an order denying reconsideration on April 24, 2018 as stated herein:

a) The Pennsylvania Court of Common Pleas of Montgomery County, and the Honorable Jeffrey Saltz failed to follow well settled case law of the United States when it issued its order on March 27, 2018**. The decision failed to provide due process, equal protection under the law, and deprived Taggart of property rights** when the court failed to follow well settled case law of the United States Supreme Court, *Carpenter v Longan, 83 U.S. 271(1872),* and well settled law of the Commonwealth of Pennsylvania. "The note and mortgage are inseparable; the former as essential, the latter as an incident. An

9

assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

**...noting ownership of the note and mortgage began after foreclosure action was filed**

- Complaint filed on April 1,2010
- Note and Mortgage transferred to Wells Fargo Bank N.A. on April 5,2010

**See Exhibits "A", " B" & "C".**

b) The Court of Common Pleas failed to follow precedential case law of the Superior Court of Pennsylvania - all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction. (**Failed to Provide Equal Protection Under the Law**):

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

**...noting ownership of the note and mortgage began after foreclosure action was filed**

- Complaint filed on April 1,2010
- Note and Mortgage transferred to Wells Fargo Bank N.A. on April 5,2010

**See Exhibits "A", " B" & "C".**

c) **Ignored Facts(violating Kenneth Taggart's Due Process Rights):** The mortgage assignment clearly indicates that the Assignment of Mortgage was made on April 5,2010.... 4 days after the foreclosure was filed on April 1,2010 failing to convey "Standing" of Wells Fargo Bank N.A., and convey in rem jurisdiction, and personal jurisdiction to the court to hear the case or pronounce judgment.

**...noting ownership of the note and mortgage began after foreclosure action was filed**

- Complaint filed on April 1,2010
- Note and Mortgage transferred to Wells Fargo Bank N.A. on April 5,2010

See Exhibits "A", " B" & "C".

d) The Order was issued on March 27,2018, was issued in **retaliation of Kenneth Taggart's First Amendment Right under the United States Constitution**, and Pennsylvania Constitution of free speech rights as The Court of Common Pleas, and the Honorable Jeffrey Saltz issued the Order in retaliation against Kenneth Taggart for his prior litigation against the Commonwealth of Pennsylvania, and his publications, and exposure of the Montgomery Court of Common Pleas to continue with foreclosures based on "Robo –Signed" documents of GMAC Mortgage, LLC, "Jeffrey Stephan, and others. The Robo-Signing continued after Montgomery County Court of Common Pleas allowed claims to continue or proceed when it knew of fraudulent "Robo-Signed" claims.

e) The Order issued on March 27,2018 violated Kenneth Taggart's "Due Process Rights,– *Goldberg v. Kelly, 397 U.S. 254-* Due Process Rights, Right to Burden of Proof, Neutral Decision Maker, Delay, Statement of Decision. Insufficient Opinion in Support of Judgment entered on March 27,2018.

*See Exhibit "D"*

f) At all times during the litigation – The court failed to cite Fraud, and Fraud on the Court that the assignment of mortgage indicated an ownership date of mortgage began on April 5, 2010, and complaint filed April 1, 2010 alleging ownership-FRAUD. Also American Partners Bank F.S.B. did not exist on the day the alleged mortgage was to have been created.-FRAUD

**…noting ownership of the note and mortgage began after foreclosure action was filed**

- Complaint filed on April 1,2010
- Note and Mortgage transferred to Wells Fargo Bank N.A. on April 5,2010

See Exhibits "A", " B" & "C".

g) The Court of Common Pleas failed to consider, or adjudicate all pleadings, including any pleadings filed by Kenneth Taggart with the court (without an attorney) on December 18,

2017, Jan 22,2018, March 23, 2018,March 26,2018 and other pleadings including Notice(s) of Fraud.

h) The Court of Common Pleas failed to properly adjudicate claims on appeal and deprived Kenneth Taggart of Due Process Rights when it simply misapplied case law, or used case law that was inapposite pertaining to "Pre-Foreclosure Notice" relied on in the action. Taggart complained in violated the mortgage contract, but the court cited Act 91 Notice requirement failing to properly adjudicate the claims of Taggart that the Pre-Foreclosure Notice violated the terms of the mortgage contract and note.

**…applied case law of Act 91 when it was inapposite, and did not support its opinion that proper *notice of intent to foreclose*, and *notice of intent to accelerate* the mortgage was effectuated- the court failed to opine, or support in its opinion that proper *notice of intent to foreclose, and notice of intent to accelerate* the mortgage was effectuated**

i) The trial court delayed decision on Taggart's Motion for Summary Judgment filed on May 12, 2017. **Almost 11 months to adjudicate the motion**. The delay violated Taggart's Due Process Rights under *Goldberg v. Kelly, 397 U.S. 254*

**…delay in adjudication violated Taggart's due process rights.**

j) The Opinion provided by the Trial Court on March 27,2018 **failed to provide a** Neutral Decision Maker to effectuate "Due Process"– The lack of a neutral decision maker rendered the Decision void ab initio and violated Taggart's Due Process Rights under *Goldberg v. Kelly, 397 U.S. 254.*

**…the Court of Common Pleas was not a neutral decision maker – decision made in retaliation for prior claims against the court and state.**

k) The Opinion provided by the Trial Court on March 27,2018 **failed to provide a (complete) Statement of Decision to effectuate "Due Process"** violating Taggart's Due Process Rights under *Goldberg v. Kelly, 397 U.S. 254*

_The court was devoid of specific date in its opinion showing transfer of ownership. The omission avoided the issue of Standing, in rem jurisdiction, and subject matter jurisdiction, improperly applied_ U.S. Bank v Mallory, and failed to even address Taggart's defense that the Plaintiff failed to provide foreclosure notice pursuant to the mortgage contract and note. The court with no supporting facts declared that "Waterfield Bank" was the lender with no supporting evidence. The opinion failed to cite that the transfer of ownership of the mortgage and note occurred after the complaint was filed. Complaint filed April 1,2010, and ownership began on April 5,2010 as evinced by the assignment of mortgage._

**…noting ownership of the note and mortgage began after foreclosure action was filed**

- Complaint filed on April 1,2010
- Note and Mortgage transferred to Wells Fargo Bank N.A. on April 5,2010

**See Exhibits "A", " B" & "C".**

l)   The trial Court failed to follow well settled Federal Law. The court failed to follow _Matthews v. Eldridge, 424 US 319- Supreme Court 1976_, the Due Process Clause of the Fourteenth Amendment reads, "nor shall any State deprive any person of life, liberty, or property, without due process of law." Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.

31. **The Superior Court of Pennsylvania issued an Order on August 1,2019 affirming the Order of the trial court which deprived Taggart of his Constitutional rights under the United States Constitution and Pennsylvania Constitution by properly effectuating Due Process, Depriving him of his property rights, and equal protection under the law.**

a)   The Order issued on August 1,2019 violated Kenneth Taggart's "Due Process Rights,– _Goldberg v. Kelly, 397 U.S. 254-_ Due Process Rights, Right to Burden of Proof, Neutral Decision Maker, Delay, Statement of Decision, and failed to provide Equal Protection under the Law. _See Opinion – Exhibit "G"_

b)   The Superior Court of Pennsylvania failed to follow well settled case law of the United States when it issued its order on August 1, 2019**. The decision failed to provide due process, equal protection under the law, and deprived Taggart of property rights**

when the court failed to follow well settled case law of the United States Supreme Court, *Carpenter v Longan, 83 U.S. 271(1872),* and well settled law of the Commonwealth of Pennsylvania. "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."

c) The trial Court failed to follow well settled Federal Law. The court failed to follow *Matthews v. Eldridge,424 US 319- Supreme Court 1976,* the Due Process Clause of the Fourteenth Amendment reads, "nor shall any State deprive any person of life, liberty, or property, without due process of law." Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.

d) Failed to effectuate adequate review of the lower court as required to effectuate due process and provide equal protection under the law.

- *The Court improperly cited Act 91 Notice case law for Notice of Default and was devoid of Mortgage Contract Notice of Default Requirements (improperly citing waiver which is never waived)*

- *Ignored evidence that indicated an assignment of mortgage evinced ownership of Wells Fargo began after the complaint was filed depriving the court of jurisdiction.*

- *Improperly applied case law US Bank N.A. v Mallory, 992 A.2d 986 ( Pa Super 2009)*

   e) Ignored well settled precedential case law, and three precedential decisions of the Superior Court of Pennsylvania depriving Taggart of equal protection under the law.

- ***Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.***

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d*

   *1258, 1258 (Pa. Super. 2013).*

f) Ignored facts and improperly cited evidence (that did not exist) erroneously concluding that "Waterfield Bank" was the Lender of the loan despite pleadings of Taggart and Wells Fargo Bank that "American Partners Bank F.S.B." was the lender. Ignored facts pertaining to Waterfield Bank.

g) **The Superior Court failed to provide a neutral decision maker(s) to effectuate "Due Process".** Two of the three judges, Ott, and Justice Lazarus, were overturned by the Pennsylvania Supreme Court in a prior case of Taggart in which Ott and Lazaurs were two of the three Justices on the panel. - *JP Morgan Chase Bank v Taggart, Pa Supreme Court, 6 EAP 2018, February 20,2019.*

h) The Order was issued on August 1,2019, was issued in **retaliation of Kenneth Taggart's First Amendment Right under the United States Constitution**, and Pennsylvania Constitution of free speech rights as Superior Court issued the Order in retaliation against Kenneth Taggart for his prior litigation against the Commonwealth of Pennsylvania, and his publications, and exposure of the Montgomery Court of Common Pleas to continue with foreclosures based on "Robo –Signed" documents of GMAC Mortgage, LLC, "Jeffrey Stephan, and others. The Robo-Signing continued after Montgomery County Court of Common Pleas allowed claims to continue or proceed when it knew of fraudulent "Robo-Signed" claims. Also in retaliation against Taggart for prioor appeal and reversal of Pa Supreme Court Case *JP Morgan Chase Bank v Taggart, Pa Supreme Court, 6 EAP 2018, February 20,2019.*

i) **Ignored Facts(violating Kenneth Taggart's Due Process Rights):** The mortgage assignment clearly indicates that the Assignment of Mortgage was made on April 5,2010…. 4 days after the foreclosure was filed on April 1,2010 failing to convey "Standing" of Wells Fargo Bank N.A., and convey in rem jurisdiction, and personal jurisdiction to the court to hear the case or pronounce judgment. Despite this knowledge and facts repeatedly being presented to the court, it ignored the fact that Wells Fargo Bank N.A. was not the owner of the note and mortgage when it filed the Complaint on April 1, 2010. (Wells Fargo could not have had "Standing", in rem jurisdiction, or subject matter jurisdiction)

j) Failed to cite Fraud, and Fraud on the Court that the assignment of mortgage indicated an ownership date of mortgage began on April 5, 2010, and complaint filed April 1, 2010 alleging ownership-FRAUD. Also American Partners Bank F.S.B. did not exist on the day the alleged mortgage was to have been created.-FRAUD

k) Failed to consider, or adjudicate all pleadings, including any pleadings filed by Kenneth Taggart with the court (without an attorney) on December 18, 2017, Jan 22,2018, March 23, 2018,March 26,2018 and other pleadings including Notice(s) of Fraud.

l) Failed to properly adjudicate claims on appeal and deprived Kenneth Taggart of Due Process Rights when it simply misapplied case law, or used case law that was inapposite

pertaining to "Pre-Foreclosure Notice" relied on in the action. Taggart complained in violated the mortgage contract, but the court cited Act 91 Notice requirement failing to properly adjudicate the claims of Taggart that the Pre-Foreclosure Notice violated the terms of the mortgage contract and note.

- *Improperly citing Waiver on this jurisdictional issue which is never waived.*

m) The Opinion provided by the Trial Court on March 27,2018 **failed to provide a (complete) Statement of Decision to effectuate "Due Process"** violating Taggart's Due Process Rights under *Goldberg v. Kelly, 397 U.S. 254*

The Superior Court simply adopted the lower courts incomplete and insufficient opinion which was devoid of a complete opinion. The court was devoid of specific date in its opinion showing transfer of ownership. The omission avoided the issue of Standing, in rem jurisdiction, and subject matter jurisdiction, improperly applied *U.S. Bank v Mallory, and failed to even address Taggart's defense that the Plaintiff failed to provide foreclosure notice pursuant to the mortgage contract and note. The court with no supporting facts declared that "Waterfield Bank" was the lender with no supporting evidence. The opinion failed to cite that the transfer of ownership of the mortgage and note occurred after the complaint was filed. Complaint filed April 1, 2010, and ownership began on April 5,2010as evinced by the assignment of mortgage.*

- *The Superior Court improperly addressed the Act 91 Notice and failed to address the Pre-Foreclosure Notice as required by the mortgage and Note. The opinion was completely devoid of any opinion on the mortgage and note pre-foreclosure requirements. It also attempted to cite waiver of the pre-foreclosure notice, but It was fully addressed and raised by Taggart...and is a jurisdictional defect which cannot be waived.*

- *It failed to address the erroneous conclusion of "Waterfield Bank" being the lender, or even how the mortgage and note were created or perfected. Most importantly, ...there was no evidence of who actually created or perfected the mortgage and note on the record, or even pled.*

- Both the trial court and Superior court's opinion omitted the transfer date of the mortgage and note of April 1, 2010....

*...Emphasis Added*

32. Plaintiff prays that this Honorable Court Grant Relief on the following Claims.

## COUNT ONE

## AGAINST DEFENDANT, JEFFREY SALTZ, IN HIS PERSONAL CAPACITY VIOLATION OF "DUE PROCESS RIGHTS" UNDER THE UNITED STATES CONSTITUTION 14TH AMENDMENT

33. Plaintiff incorporates all other pleadings in this complaint as part of this count.

34. Defendant, Jeffrey Saltz, by way of the order issued on March 27, 2018 failed to effectuate the "Due Process" Rights of Plaintiff under the Constitution of the United States of America.

35. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

36. Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

37. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the

owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

38. The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

39. The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

40. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

41. A failure by the court to administer, or otherwise adjudicate the claims based on the evidence and follow Pa Rule Pa 1035.1. .- *The Pleadings were not closed*

42. **As Such, Plaintiff seeks "Declaratory Relief" for the court to "Declare" that:**

a) **there was no subject matter jurisdiction to pronounce judgment,**
b) **there was no in *rem jurisdiction* to pronounce judgment,**
c) **there was no personal jurisdiction to pronounce judgment,**

**violating the "Due Process Rights" of Kenneth Taggart.**

43. **Plaintiff also seeks "Declaratory Relief" for the court to "Declare" that:**

a) **The judgement entered on March 27,2018 did not comply with Pa Rule Pa 1035.1. as the pleadings were not closed and Jeffrey Saltz failed to provide equal protection under the law by not applying Pa Rule 1035.1 in the same way it applies the law to other litigants.**

## COUNT TWO

## AGAINST DEFENDANT, JEFFREY SALTZ , IN HIS PERSONAL CAPACITY

## VIOLATION OF "PROPERTY RIGHTS"

## UNDER THE UNITED STATES CONSTITUTION 5TH AMENDMENT

44. Plaintiff incorporates all other pleadings in this complaint as part of this count.

45. Defendant, Jeffrey Saltz, by way of the order issued on March 27, 2018, failed to

effectuate the "Due Processs" Rights of Plaintiff under the Constitution of the United States of

America, and deprived Kenneth Taggart of his "Property Rights" afforded under the United

States Constitution.

46. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment

for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record

submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and

mortgage as alleged in their complaint.

47. Under the United States Constitution, a party must properly plead and provide

evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem*

jurisdiction, and personal jurisdiction to effectuate "Due Process".

48. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter

jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the

owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable

Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving

Kenneth Taggart of his due process rights.

49. The court should have dismissed the case, and has an obligation to dismiss the

case, when it was presented with evidence that the court lacks jurisdiction.

50. The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

51. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

52. A failure by the court to administer, or otherwise adjudicate the claims based on the Evidence and comply with Pa Rule 1035.1. - *The Pleadings were not closed*

53. The Honorable Jeffrey Saltz violated Kenneth Taggart's "Property Rights" when it took property, or allowed property to be taken without "Due Process".

54. The property of Kenneth Taggart located at 709 Schwab Rd, Hatfield, Pa 19440 was Subsequently sold by Wells Fargo Bank N.A. on October 30, 2018 based on a judgment that was *void ab initio*, and that violated Taggart's "Due Process" rights.

55. **As Such, Plaintiff seeks relief from the court to "Declare: that the Honorable Jeffrey Saltz, violated the "Due Process Rights" , and "Property Rights" of Kenneth Taggart by entering judgment on March 27, 2018 with no evidence that Wells Fargo Bank had ownership of the note and mortgage when complaint was filed on April 1,2010.**

## COUNT THREE

### AGAINST DEFENDANT, JEFFREY SALTZ
### VIOLATION OF "DUE PROCESS RIGHTS"
### UNDER THE PENNSYLVANIA CONSTITUTION

56. Plaintiff incorporates all other pleadings in this complaint as part of this count.

57. Defendant, Jeffrey Saltz, by way of the order issued on March 27, 2018, failed to effectuate the "Due Process" Rights of Plaintiff under the Constitution of the Commonwealth of Pennsylvania.

58. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

59. Under the Pennsylvania Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

60. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

61. The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

62. The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

63. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz improperly cited the corrective assignment of mortgage as evidence of "Standing",*in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

21

64. A failure by the court to administer, or otherwise adjudicate the claims based on the evidence and in compliance of Pa Rule 1035.1. .- *The Pleadings were not closed*

65. **As Such, Plaintiff seeks "Declaratory Relief" for the court to "Declare" that:**

a) **there was no subject matter jurisdiction to pronounce judgment,**
b) **there was no in *rem jurisdiction* to pronounce judgment,**
c) **there was no personal jurisdiction to pronounce judgment,**

**violating the "Due Process Rights" of Kenneth Taggart.**

66. **Plaintiff also seeks "Declaratory Relief" for the court to "Declare" that:**

67. **The judgement entered on March 27,2018 did not comply with Pa Rule Pa 1035.1. as the pleadings were not closed and Jeffrey Saltz failed to provide equal protection under the law by not applying Pa Rule 1035.1 in the same way it applies the law to other litigants.**

## COUNT FOUR

## AGAINST DEFENDANT THE COMMONWEALTH OF PENNSYLVANIA
## VIOLATION OF "PROPERTY RIGHTS"
## UNDER THE PENNSYLVANIA CONSTITUTION

68. Plaintiff incorporates all other pleadings in this complaint as part of this count.

69. Defendant, the Commonwealth of Pennsylvania, by way of the order issued on March 27, 2018 by the Honorable Jeffrey Saltz, failed to effectuate the "Due Processs" Rights of Plaintiff under the Pennsylvania Constitution , and deprived Kenneth Taggart of his "Property Rights" afforded under the Pennsylvania Constitution.

70. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

71. Under the Pennsylvania Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

72. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

73. The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

74. The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

75. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

76. A failure by the court to administer, or otherwise adjudicate the claims based on the Evidence and compliance with Pa Rule Pa Rule 1035.1.- *The Pleadings were not closed*

77. The Commonwealth of Pennsylvania violated Kenneth Taggart's "property Rights" when it took property, or allowed property to be taken without "Due Process".

23

78. The property of Kenneth Taggart located at 709 Schwab Rd, Hatfield, Pa 19440 was Subsequently sold by Wells Fargo Bank N.A. on October 30,2018 based on a judgment that was *void ab initio*, and that violated Taggart's "Due Process" rights.

79. **As Such, Plaintiff seeks relief from the court to compel the Commonwealth of Pennsylvania to effectuate the "Due Process Rights", and "Property Rights" of Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT FIVE

### AGAINST DEFENDANT JEFFREY SALTZ
### VIOLATION OF "FREE SPEECH"
### UNDER THE PENNSYLVANIA CONSTITUTION

80. Plaintiff incorporates all other pleadings in this complaint as part of this count.

81. Defendant, Jeffrey Saltz, by way of the order issued on March 27, 2018, failed to effectuate the "Due Processs" Rights of Plaintiff under the Pennsylvania Constitution , and deprived Kenneth Taggart of his "Free Speech" rights afforded to him under the Pennsylvania Constitution.

82. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

83. Under the Pennsylvania Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem*

24

jurisdiction, and personal jurisdiction to effectuate "Due Process".

84. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

85. The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

86. The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

87. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

88. A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

89. The Honorable Jeffrey Saltz, violated Kenneth Taggart's "property Rights" when it took property, or allowed property to be taken without "Due Process".

90. The property of Kenneth Taggart located at 709 Schwab Rd, Hatfield, Pa 19440 was Subsequently sold by Wells Fargo Bank N.A. on October 30, 2018 based on a judgment that was *void ab initio*, and that violated Taggart's "Due Process" rights.

91. The order, or judgment entered on March 27,2018, in favor of Wells Fargo Bank N.A., and against Kenneth Taggart was in retaliation for Taggart's speech and criticism of the

Montgomery County Court of Common Pleas, and the Commonwealth of Pennsylvania asserting that they allowed robo-signing to take place on foreclosure actions, and continued with knowledge of the court and state.

92. Kenneth Taggart previously published information on the internet and filed legal action against the Commonwealth of Pennsylvania for allowance of robo-signing.

93.    **Plaintiff seeks the court to "Declare" that the judgment was entered in retaliation against Taggart in retaliation for his Free Speech in criticizing the court, county and state for allowing robo-signing in their court, and for prior litigation filed against the state and county.**

## COUNT SIX

## AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ
## VIOLATION OF "FREE SPEECH"
## UNDER THE UNITED STATES CONSTITUTION  1ST AMENDMENT

94. Plaintiff incorporates all other pleadings in this complaint as part of this count.

95. Defendant,  the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018, failed to effectuate the "Due Processs" Rights of Plaintiff under the United States Constitution , and deprived Kenneth Taggart of his "Free Speech" rights afforded to him under the United States Constitution.

96. The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

97. Under the United States Constitution a party must, properly plead and provide

evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

98. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

99. The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

100.    The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

101.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

102.    A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

103.    The Commonwealth of Pennsylvania violated Kenneth Taggart's "property Rights" when it took property, or allowed property to be taken without "Due Process".

104.    The property of Kenneth Taggart located at 709 Schwab Rd, Hatfield, Pa 19440 was subsequently sold by Wells Fargo Bank N.A. on October 30, 2018 based on a judgment that was *void ab initio*, and that violated Taggart's "Due Process" rights.

105.    The order, or judgment entered on March 27,2018, in favor of Wells Fargo Bank N.A., and against Kenneth Taggart was in retaliation for Taggart's speech and criticism of the

Montgomery County Court of Common Pleas, and the Commonwealth of Pennsylvania asserting that they allowed robo-signing to take place on foreclosure actions, and continued with knowledge of the court and state.

106.    Kenneth Taggart previously published information on the internet and filed legal action against the Commonwealth of Pennsylvania for allowance of robo-signing and fraud on the part of banks in foreclosure actions.

107.    **Plaintiff seeks the court to "Declare" that the judgment was entered in retaliation against Taggart in retaliation for his Free Speech in criticizing the court, county and state for allowing robo-signing in their court, and for prior litigation filed against the state and county.**

## COUNT SEVEN

**AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ VIOLATION OF "DUE PROCESS RIGHTS" BY NOT PROVIDING "EQUAL PROTECTION UNDER THE LAW" UNDER THE UNITED STATES CONSTITUTION**

108.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

109.    Defendant, the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018 failed to effectuate the "Equal Protection" under the law, and "Due Process" Rights of Plaintiff under the Constitution of the United States of America.

110.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

28

111.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

112.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

113.    The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

114.    The court lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

115.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

116.    A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

117.    The Honorable Jeffrey Saltz, failed to follow precedential case law of the Superior Court of Pennsylvania - all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction.

118.    The following cases were applied to others in similar cases, but were not applied to Plaintiff's case and depriving him of equal protection under the law. All are applicable to Plaintiff's foreclosure action and not applied by the Honorable Jeffrey Saltz.

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

119.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Jeffrey Saltz failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and Pa Rule 1035.1, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT EIGHT

## AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ
## VIOLATION OF "DUE PROCESS RIGHTS" BY <u>NOT PROVIDING</u> "EQUAL PROTECTION UNDER THE LAW" UNDER THE PENNSYLVANIA CONSTITUTION

120.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

121.    Defendant, the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018 by the Honorable Jeffrey Saltz, failed to effectuate the "Equal Protection" under the law, and "Due Process" Rights of Plaintiff under the Constitution of the Commonwealth of Pennsylvania.

122.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting

30

judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

123. Under the Pennsylvania Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

124. Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

125. The Honorable Jeffrey Saltz should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that there is no jurisdiction.

126. The Honorable Jeffrey Saltz lacked authority to pronounce judgment when there is no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

127. Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

128. A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

129. The Honorable Jeffrey Saltz failed to follow precedential case law of the Superior Court of Pennsylvania…all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction.

130.    The following cases were applied to others in similar cases, but were not applied to Plaintiff's case and depriving him of equal protection under the law. All are applicable to Plaintiff's foreclosure action and not applied by the Honorable Jeffrey Saltz.

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

131.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Jeffrey Saltz failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and Pa Rule 1035.1, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT NINE

### AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ
### VIOLATION OF "DUE PROCESS RIGHTS" & "EQUAL PROTECTION UNDER THE PENNSYLVANIA CONSTITUTION"

**(Applied case law that was not applicable to support opinion)**

132.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

133.    Defendant, the Honorable Jeffeey Saltz, by way of the order issued on March 27, 2018, failed to effectuate the "Due Process" Rights of Plaintiff under the Constitution of the Commonwealth of Pennsylvania..

134.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting

judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

135.    Under the Pennsylvania Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

136.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint.

137.    The Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

138.    Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the court cited case law that was inapplicable, or inapposite to Taggart's case.

139.    The Honorable Jeffrey Saltz applied "Act 91" case law to Taggart's case that did not apply to the case, and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note. The Act 91 Case law was otherwise inapposite.

140.    The Honorable Jeffrey Saltz should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

141.    The court lacks authority to pronounce judgment when it has no jurisdiction over

the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

142.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

143.    A failure by the Honorable Jeffrey Saltz to administer, or otherwise adjudicate the claims based on the evidence.

144.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Jeffrey Saltz failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with applicable case law or the plain language of the note and mortgage pertaining to notice of foreclosure and notice of intent to accelerate, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TEN

### AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ
### VIOLATION OF "DUE PROCESS RIGHTS" & "EQUAL PROTECTION UNDER THE UNITED STATES CONSTITUTION"

#### (Applied case law that was not applicable to support opinion)

145.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

146.    Defendant,  the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018, failed to effectuate the "Due Process" Rights of Plaintiff under the United States Constitution.

147.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

148.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

149.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint.

150.    The Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

151.    Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the court cited case law that was inapplicable, or inapposite to Taggart's case.

152.    The Honorable Jeffrey Saltz applied "Act 91" case law to Taggart's case that did not apply to the case, and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

153.    The Honorable Jeffrey Saltz should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

154.    The Honorable Jeffrey Saltz lacked authority to pronounce judgment when it has

no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

155.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz improperly cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction. …when it evinced the lack of jurisdiction on April 1,2010

156.    A failure by the Honorable Jeffrey Saltz to administer, or otherwise adjudicate the claims based on the evidence.

157.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Jeffrey Saltz failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with applicable case law or the plain language of the note and mortgage pertaining to notice of foreclosure and notice of intent to accelerate, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

**COUNT ELEVEN**

**AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ**
**VIOLATION OF "DUE PROCESS RIGHTS"**
**UNDER THE UNITED STATES CONSTITUTION**

***Gold berg v Kelly  397 U.S. 254 &* Mathews v. Eldridge, 424 U.S. 319 (1976)**

158.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

159.    Defendant, the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018 , failed to effectuate the "Due Process" rights of Plaintiff under the United States

Constitution.

160.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

161.    The Order issued on March 27,2018 violated Kenneth Taggart's "Due Process Rights,– *Goldberg v. Kelly, 397 U.S. 254*- Due Process Rights, Right to Burden of Proof, Neutral Decision Maker, Delay, Statement of Decision. The Honorable Jeffrey Saltz  provided an insufficient Opinion in Support of Judgment entered on March 27,2018.

162.    The order issued March 27,2018 clearly is devoid of a complete statement of Decision…it fails to provide statement on lack of ownership of the mortgage on April 1, 2010, or lack statement of Wells Fargo meeting conditions precedent by complying with the mortgage and note by properly effectuating a "*notice of intent to accelerate*" , or a "*notice of intent to foreclose*".

163.    The Honorable Jeffrey Saltz, without good reason, failed to timely adjudicate a "Motion for Summary Judgment" filed by Plaintiff. The trial court <u>delayed decision</u> on Taggart's Motion for Summary Judgment filed on May 12, 2017 for almost 11 months prior to adjudication. The <u>delay</u> violated Taggart's <u>Due Process Rights under</u> *<u>Goldberg v. Kelly, 397 U.S. 254</u>*. The court waited for Wells Fargo to file a motion over five months later to adjudicate both….no reason for delay.

164.    The Honorable Jeffrey Saltz failed to consider Fraud pleadings, and Notices of Fraud filed by Taggart, <u>depriving him of his "Due Process" rights</u>. *Goldberg v. Kelly, 397 U.S. 254*

165.    Wells Fargo *<u>failed to meet its burden of proof</u>* to enter judgment in its favor. In

fact it failed to even evince "standing", subject matter jurisdiction, in rem jurisdiction, or personal jurisdiction by evincing ownership of mortgage and note when complaint was filed, or providing pre-foreclosure notices as a conditions precedent to maintain standing and jurisdiction. *Goldberg v. Kelly, 397 U.S. 254*

166.    The Honorable Jeffrey Saltz was *not a "Neutral Decision Maker* as the judgment was entered against Taggart for retaliation for Free Speech against the court and the Commonwealth. The decision was not supported, due process was not provided, and the opinion was incomplete or devoid of case law, or legal authority to support the judgment. *Goldberg v. Kelly, 397 U.S. 254*

167.    An *incomplete Statement of Decision* was provided by the Honorable Jeffrey Saltz as he failed to address the lack of ownership of the mortgage and note on April 1,2010, and failed to address the lack of pre-foreclosure notices pursuant to the mortgage and note. The decision was incomplete and applied "Act 91" case law instead of plain language of the mortgage and note, or any applicable case law. *Goldberg v. Kelly, 397 U.S. 254*

168.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

169.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint, The Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

170.    Instead of citing evidence of compliance of pre-foreclosure notices pursuant

to the mortgage and note, and providing an opinion with applicable case law, the Honorable Jeffrey Saltz cited case law that was inapplicable, or inapposite to Taggart's case.

171.   The Honorable Jeffrey Saltz applied "Act 91" case law to Taggart's case that did not apply to the case, and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

172.   The Honorable Jeffrey Saltz should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

173.   The Honorable Jeffrey Saltz lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

174.   Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

175.   Additionally, the court failed to provide Due Process" pursuant to: *Mathews v. Eldridge, 424 U.S. 319 (1976).*

176.   A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

177.   **As Such, Plaintiff seeks relief from the court to "Declare" that the Honorable Jeffrey Saltz failed to effectuate the "Due Process Rights" of Kenneth Taggart, and Adjudicate the claims in the foreclosure action consistent with the evidence and failed to dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TWELVE

## AGAINST DEFENDANT THE HONORABLE JEFFREY SALTZ
## VIOLATION OF "DUE PROCESS RIGHTS"
## UNDER THE PENNSYLVANIA CONSTITUTION

### (Commonwealth of Pennsylvania failed to follow Federal Case Law)

*Goldberg v Kelly  397 U.S. 254 and Mathews v. Eldridge, 424 U.S. 319 (1976).*

178.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

179.    Defendant, the Honorable Jeffrey Saltz, by way of the order issued on March 27, 2018 , failed to effectuate the "Due Process" rights of Plaintiff under the United States Constitution.

180.    The Honorable Jeffrey Saltz, on March 27,2018 issued an *Order* granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

181.    The Order issued on March 27,2018 violated Kenneth Taggart's "Due Process Rights,– *Goldberg v. Kelly, 397 U.S. 254*- Due Process Rights, Right to Burden of Proof, Neutral Decision Maker, Delay, Statement of Decision. The Honorable Jeffrey Saltz  provided an insufficient Opinion in Support of Judgment entered on March 27,2018.

182.    The order issued March 27,2018 clearly is devoid of a complete statement of Decision…it fails to provide statement on lack of ownership of the mortgage on April 1, 2010, or lack statement of Wells Fargo meeting conditions precedent by complying with the mortgage and note by properly effectuating a "*notice of intent to accelerate*" , or a "*notice of intent to foreclose*".

183.    The Honorable Jeffrey Saltz, without good reason, failed to timely adjudicate a "Motion for Summary Judgment" filed by Plaintiff. The trial court delayed decision on Taggart's Motion for Summary Judgment filed on May 12, 2017 for almost 11 months prior to adjudication. The delay violated Taggart's Due Process Rights under *Goldberg v. Kelly, 397 U.S. 254.* The court waited for Wells Fargo to file a motion over five months later to adjudicate both….no reason for delay.

184.    The Honorable Jeffrey Saltz failed to consider Fraud pleadings, and Notices of Fraud filed by Taggart, depriving him of his "Due Process" rights. *Goldberg v. Kelly, 397 U.S. 254*

185.    Wells Fargo *failed to meet its burden of proof* to enter judgment in its favor. In fact it failed to even evince "standing", subject matter jurisdiction, in rem jurisdiction, or personal jurisdiction by evincing ownership of mortgage and note when complaint was filed, or providing pre-foreclosure notices as a conditions precedent to maintain standing and jurisdiction. *Goldberg v. Kelly, 397 U.S. 254*

186.    The Honorable Jeffrey Saltz was *not a "Neutral Decision Maker* as the judgment was entered against Taggart for retaliation for Free Speech against the court and the Commonwealth. The decision was not supported, due process was not provided, and the opinion was incomplete or devoid of case law, or legal authority to support the judgment. *Goldberg v. Kelly, 397 U.S. 254*

187.    An *incomplete Statement of Decision* was provided by the Honorable Jeffrey Saltz as he failed to address the lack of ownership of the mortgage and note on April 1,2010, and failed to address the lack of pre-foreclosure notices pursuant to the mortgage and note. The decision was incomplete and applied "Act 91" case law instead of plain language of the mortgage and note, or any applicable case law. *Goldberg v. Kelly, 397 U.S. 254*

188.    Under the United States Constitution a party must, properly plead and provide

41

evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

189.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint, The Honorable Jeffrey Saltz entered an order granting Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

190.    Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the Honorable Jeffrey Saltz cited case law that was inapplicable, or inapposite to Taggart's case.

191.    The Honorable Jeffrey Saltz  applied "Act 91" case law to Taggart's case that did not apply to the case, and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

192.    The Honorable Jeffrey Saltz should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

193.    The Honorable Jeffrey Saltz lacks authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018 is *void ab initio.*

194.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

195.    Additionally, the court failed to provide Due Process" pursuant to: *Mathews v. Eldridge, 424 U.S. 319 (1976)*.

196.    A failure by the court to administer, or otherwise adjudicate the claims based on the evidence.

197.    **As Such, Plaintiff seeks relief from the court to "Declare" that the Honorable Jeffrey Saltz failed to effectuate the "Due Process Rights" of Kenneth Taggart, and Adjudicate the claims in the foreclosure action consistent with the evidence and failed to dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT THIRTEEN

### AGAINST DEFENDANT WELLS FARGO BANK N.A.

### FRAUD AND FRAUD ON THE COURT

198.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

199.    Defendant, Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

200.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

201.    Defendant, Wells Fargo Bank N.A., in its complaint merely that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

202.    Defendant, Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

43

203. Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

204. As Such, Plaintiff, Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1,2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

205. Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, it continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

206. The actions of Wells Fargo Bank N.A. continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

207. The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

208. The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

209. The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are

44

otherwise misleading.

210.     As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

211.     Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

212.     Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

213.     Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

214.     Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Wells Fargo Bank N.A. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT FOURTEEN

### AGAINST DEFENDANT WELLS FARGO BANK N.A.

### TORTUOUS ACTIONS

**(Filing a Complaint on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

215.     Plaintiff incorporates all other pleadings in this complaint as part of this count.

216.     Defendant, Wells Fargo Bank N.A. initiated a foreclosure action in the Court of

Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

217.   Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

218.   Defendant, Wells Fargo Bank N.A., in its complaint merely that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

219.   Defendant, Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

220.   Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

221.   As Such, Plaintiff, Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1,2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

222.   Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, it continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

223.   The actions of Wells Fargo Bank N.A. continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

224.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

225.    Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

226.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

227.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

228.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

229.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

230.    As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

231.    Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

232.    Plaintiff seeks relief from this court to compel the Court of Common Pleas, of

47

Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

233.    Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

234.    Plaintiff seeks relief for the tortuous actions of Wells Fargo Bank N.A.

235.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Wells Fargo Bank N.A. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT FIFTEEN

### AGAINST DEFENDANT WELLS FARGO BANK N.A.

### ABUSE OF PROCESS

**(Filing a Complaint on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

236.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

237.     Defendant, Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

238.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

239.    Defendant, Wells Fargo Bank N.A., in its complaint merely that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

240.     Defendant, Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

241.     Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

242.      As Such, Plaintiff, Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1,2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

243.     Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, it continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

244.     The actions of Wells Fargo Bank N.A. continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

245.     This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

246.     Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

247.   As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

248.   The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

249.   The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

250.   The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

251.   As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

252.   Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

253.   Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

254.   Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

255.   Plaintiff seeks relief for the "Abuse of Process" actions of Wells Fargo Bank N.A.

256.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Wells Fargo Bank N.A. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT SIXTEEN

## AGAINST DEFENDANT WELLS FARGO BANK N.A.

## MALICIOUS PROSECUTION

**(Filing a Complaint on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

257.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

258.    Defendant, Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

259.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

260.    Defendant, Wells Fargo Bank N.A., in its complaint merely that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

261.    Defendant, Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

262.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010...4 days after the complaint had been filed.

263.    As Such, Plaintiff, Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1,2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

264.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, it continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership...while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

265.    The actions of Wells Fargo Bank N.A. continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

266.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

267.    Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

268.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

269.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications

under penalties of the law that it was the owner of the mortgage and note on April 1,2010...when it knew it was not in fact the owner on April 1,2010.

270. The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

271. The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

272. As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

273. Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

274. Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

275. Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

276. Plaintiff seeks relief for the "Malicious Prosecution" actions of Wells Fargo Bank N.A. The actions of Wells Fargo Bank N.A. were clearly malicious.

277. Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Wells Fargo Bank N.A. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all

litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT SEVENTEEN

## AGAINST DEFENDANT PHELAN HALLINAN & SCHMEIG, LLP.

## TORTUOUS ACTIONS

**( Filed Complaint. as counsel for Wells Fargo, on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

278.   Plaintiff incorporates all other pleadings in this complaint as part of this count.

279.   Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

280.   Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

281.   Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

282.   Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

283.   Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

284.    As Such, Plaintiff, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

285.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership...while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

286.    The actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

287.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

288.    Wells Fargo Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

289.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

290.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications

under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

291.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

292.    The pleadings, affidavits, and verifications by submitted byPhelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

293.    As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

294.    Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

295.    Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

296.    Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

297.    Plaintiff seeks relief for the tortuous actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A.

298.    The actions were intentional with knowledge of being false. The actions of Defendant did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

299.    The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Phelan.

300.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Phelan Hallinan & Schmeig, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT EIGHTTEEN

### AGAINST DEFENDANT PHELAN HALLINAN & SCHMEIG, LLP
### ABUSE OF PROCESS

**(Filing a Complaint, as counsel for Wells Fargo Bank N.A. on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

301.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

302.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

303.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

304.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

305.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

306.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

307.    As Such, Plaintiff, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

308.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

309.    The actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

310.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

311.    Wells Fargo Fargo Bank N.A. was not the owner of the mortgage and note on April 1, 2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

312.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

313.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

314.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

315.    The pleadings, affidavits, and verifications by submitted byPhelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

316.    As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

317.    Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

318.    Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

319.    Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

320.    Plaintiff seeks relief for the tortuous actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A.

321.    The actions were intentional with knowledge of being false. The actions of Defendant did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

322.    The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Phelan.

323.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Phelan Hallinan & Schmeig, LLP, as counsel for Wells Fargo Bank N.A. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT NINETEEN

## AGAINST DEFENDANT PHELAN HALLINAN & SCHMEIG,LLP

## MALICIOUS PROSECUTION

**(Filing a Complaint, as counsel for Wells Fargo Bank N.A. on April 1, 2010 when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

324.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

325.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County, Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was the owner of the mortgage and note at that time.

326.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

327.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

328.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

329.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

330.    As Such, Plaintiff, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

331.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

332.    The actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30, 2018.

333.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo

Bank N.A.

334.    Wells Fargo Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

335.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

336.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

337.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

338.    The pleadings, affidavits, and verifications by submitted byPhelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

339.    As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

340.    Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

341.    Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

342.    Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs

and fees.

343.    Plaintiff seeks relief for the tortuous actions of Phelan Hallinan & Schmeig, LLP ,
as counsel for Wells Fargo Bank N.A.

344.    The actions were intentional with knowledge of being false. The actions of
Defendant did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

345.    The actions were intentional and with knowledge of being fraudulent. They are
not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Phelan.

346.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from
Phelan Hallinan & Schmeig, LLP, as counsel for. for each fraudulent claim made in the
foreclosure action filed in the Montgomery County Court of Common Pleas, State of
Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and
defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure
action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY

### AGAINST DEFENDANT PHELAN HALLINAN & SCHMEIG, LLP.

### FRAUD

**( Filed Complaint. as counsel for Wells Fargo, on April 1, 2010 when Wells Fargo Bank
was not the Owner of the Mortgage and Note)**

347.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

348.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank
N.A. initiated a foreclosure action in the Court of Common Pleas, Montgomery County,
Pennsylvania, on April 1, 2010, whereas Wells Fargo Bank N.A. pled, in its complaint that it was
the owner of the mortgage and note at that time.

349.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in

its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

350.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

351.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

352.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

353.    As Such, Plaintiff, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

354.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

355.    The actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., continued from the inception of the legal action by filing the complaint, and continued throughout the litigation, including their motion for summary judgment, their appellee brief to the Superior Court of Pennsylvania, and up until the property was sold for sheriff sale on October 30,2018.

356.     This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

357.     Wells Fargo Fargo Bank N.A. was not the owner of the mortgage and note on April 1,2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

358.     As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010.

359.     The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, and proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

360.     The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

361.     The pleadings, affidavits, and verifications by submitted byPhelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, And the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

362.     As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

363.     Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

364.     Plaintiff seeks relief from this court to compel the Court of Common Pleas, of

Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

365.    Plaintiff also seeks relief from Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

366.    Plaintiff seeks relief for the tortuous actions of Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A.

367.    The actions were intentional with knowledge of being false. The actions of Defendant did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

368.    The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Phelan.

369.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Phelan Hallinan & Schmeig, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY ONE

### AGAINST DEFENDANTBLANK ROME, LLP.

### TORTUOUS ACTIONS

**(Filed pleadings, as counsel for Wells Fargo, asserting Wells Fargo Bank was the owner of the mortgage and note on April 1,2010, when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

370.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

371.    Defendant, Blank Rome, LLP, as counsel for Wells Fargo Bank

N.A. filed pleadings in the Superior Court of Pennsylvania, stating that Wells Fargo Bank N.A.

was the owner of the mortgage and note on April 1, 2010, when they knew this was false.

372.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

373.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

374.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

375.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

376.    As Such, Plaintiff, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

377.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Blank Rome, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

378.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo

Bank N.A.

379.     Wells Fargo Bank N.A. was not the owner of the mortgage and note on April 1, 2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

380.     As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010…this was known by Blank Rome, LLP when it made its filings with the Pennsylvania Superior Court.

381.     The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, but proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law, by way of counsel Blank Rome, LLP, that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

382.     The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. , via counsel, Blank Rome, LLP, proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

383.     The pleadings, affidavits, and verifications by submitted by Blank Rome,LLP, as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

384.     As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

385.     Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

386.     Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

387.   Plaintiff also seeks relief from Blank Rome, LLP, as counsel for Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

388.   Plaintiff seeks relief for the tortuous actions of Blank Rome, LLP , as counsel for Wells Fargo Bank N.A.

389.   The actions were intentional with knowledge of being false. The actions of Defendant, Blank Rome, LLP,  did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

390.   The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Blank Rome, LLP.

391.   Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Blank Rome, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY TWO

## AGAINST DEFENDANT BLANK ROME, LLP

### ABUSE OF PROCESS

**(Filed pleadings, as counsel for Wells Fargo, asserting Wells Fargo Bank was the owner of the mortgage and note on April 1, 2010, when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

392.   Plaintiff incorporates all other pleadings in this complaint as part of this count.

393.    Defendant, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A. filed pleadings in the Superior Court of Pennsylvania, stating that Wells Fargo Bank N.A.

was the owner of the mortgage and note on April 1, 2010, when they knew this was false.

394.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

395.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

396.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

397.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

398.    As Such, Plaintiff, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

399.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Blank Rome, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

400.    This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo

Bank N.A.

401.    Wells Fargo Bank N.A. was not the owner of the mortgage and note on April 1, 2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

402.    As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010…this was known by Blank Rome, LLP when it made its filings with the Pennsylvania Superior Court.

403.    The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, but proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law, by way of counsel Blank Rome, LLP, that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

404.    The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. , via counsel, Blank Rome, LLP, proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

405.    The pleadings, affidavits, and verifications by submitted by Blank Rome,LLP, as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

406.    As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

407.    Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

408.    Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

409.    Plaintiff also seeks relief from Blank Rome, LLP, as counsel for Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

410.    Plaintiff seeks relief for the tortuous actions of Blank Rome, LLP , as counsel for Wells Fargo Bank N.A.

411.    The actions were intentional with knowledge of being false. The actions of Defendant, Blank Rome, LLP, did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

412.    The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Blank Rome,LLP.

413.    Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Blank Rome, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY THREE

### AGAINST DEFENDANT BLANK ROME N.A.

### MALICIOUS PROSECUTION

**(Filed pleadings, as counsel for Wells Fargo, asserting Wells Fargo Bank was the owner of the mortgage and note on April 1,2010, when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

414.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

415.    Defendant, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A.filed pleadings in the Superior Court of Pennsylvania, stating that Wells Fargo Bank N.A. was the owner of the mortgage and note on April 1, 2010, when they knew this was false.

416.    Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

417.    Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

418.    Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

419.    Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

420.    As Such, Plaintiff, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

421.    Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Blank Rome, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

73

422.     This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

423.     Wells Fargo Bank N.A. was not the owner of the mortgage and note on April 1, 2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

424.     As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010…this was known by Blank Rome, LLP when it made its filings with the Pennsylvania Superior Court.

425.     The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, but proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law, by way of counsel Blank Rome, LLP, that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

426.     The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. , via counsel, Blank Rome, LLP, proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

427.     The pleadings, affidavits, and verifications by submitted by Blank Rome,LLP, as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

428.     As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

429.     Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

430.     Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

431.     Plaintiff also seeks relief from Blank Rome, LLP, as counsel for Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

432.     Plaintiff seeks relief for the tortuous actions of Blank Rome, LLP , as counsel for Wells Fargo Bank N.A.

433.     The actions were intentional with knowledge of being false. The actions of Defendant, Blank Rome, LLP,  did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

434.     The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Blank Rome,LLP.

435.     Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Blank Rome, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY FOUR

### AGAINST DEFENDANT BLANK ROME N.A.

### FRAUD

**(Filed pleadings, as counsel for Wells Fargo, asserting Wells Fargo Bank was the owner of the mortgage and note on April 1,2010, when Wells Fargo Bank was not the Owner of the Mortgage and Note)**

436.   Plaintiff incorporates all other pleadings in this complaint as part of this count.

437.   Defendant, Blank Rome,LLP, as counsel for Wells Fargo Bank

N.A.filed pleadings in the Superior Court of Pennsylvania, stating that Wells Fargo Bank N.A. was the owner of the mortgage and note on April 1, 2010, when they knew this was false.

438.   Defendant, Wells Fargo Bank N.A., in its complaint did not provide any date in its complaint, or allege any specific date it alleged it became owner of the note and mortgage.

439.   Defendant, Wells Fargo Bank N.A., in its complaint merely stated that it was owner of the mortgage and in the process of formalizing the assignment of mortgage.

440.   Defendant, Phelan Hallinan & Schmeig, LLP , as counsel for Wells Fargo Bank N.A., later proffered an "Assignment of Mortgage" that evinced that it was in fact – **not the owner of the mortgage and note on April 1,2010**. It evinced that Wells Fargo Bank N.A. became owner on April 5,2010…4 days after the complaint had been filed.

441.   Defendant, Wells Fargo Bank N.A., later proffered a "Corrective Assignment of Mortgage" which again evinced a date of April 5, 2010 that evinced the ownership of the mortgage began on April 5,2010…4 days after the complaint had been filed.

442.   As Such, Plaintiff, Blank Rome, LLP, as counsel for Wells Fargo Bank N.A. knew it was not the owner of the mortgage and note on April 1, 2010 when the Complaint was filed as evinced by both the "Assignment of Mortgage", and again with the "Corrective Assignment of Mortgage".

443.   Yet, despite Wells Fargo's own evidence that it did not own the note and mortgage on April 1,2020, Blank Rome, LLP , as counsel for Wells Fargo, continued to proffer this to the court in its pleadings citing the "Corrective Assignment of Mortgage" and date that the corrective assignment was filed to allege ownership…while they intentionally omitted the actual date that ownership began on April 5, 2010 in nearly every pleading to commit fraud and fraud on the court.

444.   This is not a contractual dispute, as **Wells Fargo Bank on April 1,2010 was not the owner of the mortgage and note and is otherwise a stranger to the action** as it was not the owner and there was no contractual obligations between Kenneth Taggart and Wells Fargo Bank N.A.

445.   Wells Fargo Bank N.A. was not the owner of the mortgage and note on April 1, 2010 and no contract between Kenneth Taggart and Wells Fargo Bank N.A. existed.

446.   As Such, Wells Fargo had no legal authority to initiate or prosecute a foreclosure action on April 1,2010…this was known by Blank Rome, LLP when it made its filings with the Pennsylvania Superior Court.

447.   The evidence is undisputed that Wells Fargo did not own the note and mortgage on April 1,2010, but proffered to the courts by way of pleadings, affidavits, and verifications under penalties of the law, by way of counsel Blank Rome, LLP, that it was the owner of the mortgage and note on April 1,2010…when it knew it was not in fact the owner on April 1,2010.

448.   The pleadings, affidavits, and verifications by Wells Fargo Bank N.A. , via counsel, Blank Rome, LLP, proffering that, *inter alia*, it was the owner of the mortgage on April 1,2010 constitute *Fraud* against Kenneth Taggart, and the Commonwealth of Pennsylvania, and *Fraud on the Court.*

449.   The pleadings, affidavits, and verifications by submitted by Blank Rome,LLP, as counsel for Wells Fargo Bank N.A. filed with the Court of Common Pleas, Superior Court of

77

Pennsylvania, and the Supreme Court of Pennsylvania clearly contain statements that Wells Fargo knows are not accurate, factual, and are otherwise misleading.

450.   As Such, the judgment entered by the Court of Common Pleas, of Montgomery County entered on March 27, 2018 is based on Fraud, and Fraud on the Court, rendering the judgment void ab initio as it is based on fraud.

451.   Entering a judgment based on fraud renders the judgment *void ab initio*, and violates the due process rights of the litigants.

452.   Plaintiff seeks relief from this court to compel the Court of Common Pleas, of Montgomery County, Pennsylvania to vacate the judgment entered on March 27, 2018.

453.   Plaintiff also seeks relief from Blank Rome, LLP, as counsel for Wells Fargo Bank, in the form of compensatory damages, actual damages, treble damages, special damages, punitive damages, and legal costs and fees.

454.   Plaintiff seeks relief for the tortous actions of Blank Rome, LLP , as counsel for Wells Fargo Bank N.A.

455.   The actions were intentional with knowledge of being false. The actions of Defendant, Blank Rome, LLP,  did not represent the legal ownership of the mortgage, and note, by Wells Fargo Bank.

456.   The actions were intentional and with knowledge of being fraudulent. They are not covered under *privilege*. Privilege is not a defense to said actions of Defendant, Blank Rome,LLP.

457.   Plaintiff seeks relief in the amount of $40,000,000 (Forty Million Dollars) from Blank Rome, LLP, as counsel for Wells Fargo Bank N.A.. for each fraudulent claim made in the foreclosure action filed in the Montgomery County Court of Common Pleas, State of Pennsylvania, on April 1, 2010 and all litigation associated and related to the prosecution and defense of all claims  pertaining to mortgage, note, title of mortgage, title of note, foreclosure

action and all associated pleadings including any appeals, or civil rights claims.

## COUNT TWENTY FIVE

## AGAINST DEFENDANT THE HONORABLE FRANCESCO OTT
## VIOLATION OF "DUE PROCESS RIGHTS"
### PURSUANT TO THE UNITED STATES CONSTITUTION

*Goldberg v Kelly  397 U.S. 254 and Mathews v. Eldridge, 424 U.S. 319 (1976).*

458.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

459.     Defendant,  the Honorable Francesco Ott, by way of the order issued on
August 1,2019, failed to effectuate the "Due Process" rights of Plaintiff under the United States
Constitution.

460.    The Honorable  Francesco Ott, on August 1,2019 issued an *Order* affirming
judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on
the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the
note and mortgage as alleged in their complaint.

461.    The Order issued on August 1,2019 violated Kenneth Taggart's "Due Process
Rights,– *Goldberg v. Kelly, 397 U.S. 254*- Due Process Rights, Right to Burden of Proof, Neutral
Decision Maker, Delay, Statement of Decision. The Honorable Francesco Ott provided an
insufficient Opinion in Support of Judgment entered on August 1,2019.

462.    The order issued, August 1,2019, is clearly is devoid of a complete statement of
Decision…it fails to provide statement on lack of ownership of the mortgage on April 1, 2010, or
lack statement of Wells Fargo meeting conditions precedent by complying with the mortgage
and note by properly effectuating a "*notice of intent to accelerate*" , or a "*notice of intent to
foreclose*".

463.    The Honorable Francesco Ott failed to consider Fraud pleadings, and Notices of

Fraud filed by Taggart, depriving him of his "Due Process" rights. *Goldberg v. Kelly, 397 U.S. 254*

464.   Wells Fargo *failed to meet its burden of proof* to enter judgment in its favor. In fact it failed to even evince "standing", subject matter jurisdiction, in rem jurisdiction, or personal jurisdiction by evincing ownership of mortgage and note when complaint was filed, or providing pre-foreclosure notices as a conditions precedent to maintain standing and jurisdiction. *Goldberg v. Kelly, 397 U.S. 254*

465.   The Honorable Francesco Ott was *not a "Neutral Decision Maker*" as the judgment was entered against Taggart for retaliation for Free Speech against the court and the Commonwealth of Pennsylvania. The decision was not supported, due process was not provided, and the opinion was incomplete or devoid of case law, or legal authority to support the judgment. *Goldberg v. Kelly, 397 U.S. 254.*

466.   The decision was also made in retaliation against Taggart for a prior opinion in another case that was before the Honorable Francesco Ott, and reversed by the Pennsylvania Supreme Court, *JP Morgan Chase Bank v. Taggart, J-67-2018 (Pa. Feb. 20, 2019). Emphasis Added*

467.   An *incomplete Statement of Decision* was provided by the Honorable Jeffrey Saltz as he failed to address the lack of ownership of the mortgage and note on April 1,2010, and failed to address the lack of pre-foreclosure notices pursuant to the mortgage and note. The decision was incomplete and applied "Act 91" case law instead of plain language of the mortgage and note, or any applicable case law. *Goldberg v. Kelly, 397 U.S. 254*

468.   Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

469.   Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter

jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint, The Honorable Francesco Ott entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

470.     Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the Honorable Francesco Ott cited case law that was inapplicable, or inapposite to Taggart's case.

471.     The Honorable Francesco Ott applied "Act 91" case law to Taggart's case, or otherwise adopted the lower court's opinion, that did  not apply to the case and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

472.     The Honorable s Francesco Ott hould have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

473.     The Honorable Francesco Ott  failed to cite that the Honorable Jeffrey Saltz lacked authority to pronounce judgment when he had no jurisdiction over the case. As Such, the Judgment affirmed by the Honorable Francesco Ott on, August 1, 2019, is *void ab initio.*

474.     Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Francesco Ott adopted the opinion of the Honorable Jeffrey Saltz, and cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

475.     Additionally, the Honorable Francesco Ott failed to provide Due Process"

pursuant to: *Mathews v. Eldridge, 424 U.S. 319 (1976).*

476.    A failure by the Honorable Francesco Ott to administer, or otherwise adjudicate the claims based on the evidence.

477.    **As Such, Plaintiff seeks relief from the court to "Declare" that the Honorable Francesco Ott failed to effectuate the "Due Process Rights" of Kenneth Taggart, and Adjudicate the claims in the foreclosure action consistent with the evidence and failed to dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TWENTY SIX

**AGAINST DEFENDANT THE HONORABLE FRANCESCO OTT VIOLATION OF "DUE PROCESS RIGHTS" BY <u>NOT PROVIDING</u> "EQUAL PROTECTION UNDER THE LAW" PURSUANT TO THE UNITED STATES CONSTITUTION**

478.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

479.    Defendant,  the Honorable Francesco Ott  , by way of the order issued on August

1,2019, which affirmed the order of March 27, 2018 failed to effectuate the "Equal Protection" under the law, and "Due Process" Rights of Plaintiff under the Constitution of the United States of America.

480.    The Honorable Francesco Ott, on August 1,2019, affirmed the order of March 27,2018 granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

481.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

482.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Francesco Ott entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

483.    The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

484.    The Honorable Jeffrey Saltz, lacked authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018, and affirmed by Francesco Ott on August 1,2019, is *void ab initio.*

485.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction. Affirmed by the Honorable Francesco Ott on August 1,2019.

486.    This was a failure by the Honorable Francesco Ott to administer, or otherwise adjudicate the claims based on the evidence, and case law.

487.    The Honorable Francesco Ott failed to follow precedential case law of the Superior Court of Pennsylvania - all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction.

488.    The following cases were applied to others in similar cases, but were not applied to Plaintiff's case and depriving him of equal protection under the law. All are applicable to

Plaintiff's foreclosure action and not applied by the Honorable Francesco Ott.

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

489.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Francesco Ott failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and Pa Rule 1035.1, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TWENTY SEVEN

### AGAINST DEFENDANT THE HONORABLE ANN LAZARUS
### VIOLATION OF "DUE PROCESS RIGHTS"
### PURSUANT TO THE UNITED STATES CONSTITUTION

*Goldberg v Kelly  397 U.S. 254 and Mathews v. Eldridge, 424 U.S. 319 (1976).*

490.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

491.    Defendant,  the Honorable Ann Lazaras, by way of the order issued on August 1, 2019, failed to effectuate the "Due Process" rights of Plaintiff under the United States Constitution.

492.    The Honorable  Ann Lazaras, on August 1,2019 issued an *Order* affirming judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the

note and mortgage as alleged in their complaint.

493.    The Order issued on August 1,2019 violated Kenneth Taggart's "Due Process

Rights,– *Goldberg v. Kelly, 397 U.S. 254*- Due Process Rights, Right to Burden of Proof, Neutral

Decision Maker, Delay, Statement of Decision. The Honorable Ann Lazaras provided an

insufficient Opinion in Support of Judgment entered on August 1,2019.

494.    The order issued, August 1,2019, is clearly is devoid of a complete statement of

Decision...it fails to provide statement on lack of ownership of the mortgage on April 1, 2010, or

lack statement of Wells Fargo meeting conditions precedent by complying with the mortgage

and note by properly effectuating a "*notice of intent to accelerate*" , or a "*notice of intent to

foreclose*".

495.    The Honorable Ann Lazaras failed to consider Fraud pleadings, and Notices of

Fraud filed by Taggart, depriving him of his "Due Process" rights. *Goldberg v. Kelly, 397 U.S.

254*

496.    Wells Fargo *failed to meet its burden of proof* to enter judgment in its favor. In

fact it failed to even evince "standing", subject matter jurisdiction, in rem jurisdiction, or

personal jurisdiction by evincing ownership of mortgage and note when complaint was filed, or

providing pre-foreclosure notices as a conditions precedent to maintain standing and jurisdiction.

*Goldberg v. Kelly, 397 U.S. 254*

497.    The Honorable Ann Lazaras was *not a "Neutral Decision Maker*" as the

judgment was entered against Taggart for retaliation for Free Speech against the court and the

Commonwealth of Pennsylvania. The decision was not supported, due process was not provided,

and the opinion was incomplete or devoid of case law, or legal authority to support the judgment.

*Goldberg v. Kelly, 397 U.S. 254.*

498.    The decision was also made in retaliation against Taggart for a prior opinion in

another case that was before the Honorable Ann Lazaras, and reversed by the Pennsylvania

Supreme Court, *JP Morgan Chase Bank v. Taggart, J-67-2018 (Pa. Feb. 20, 2019). Emphasis Added*

499.   An *incomplete Statement of Decision* was provided by the Honorable Ann Lazaras as he failed to address the lack of ownership of the mortgage and note on April 1, 2010, and failed to address the lack of pre-foreclosure notices pursuant to the mortgage and note. The decision was incomplete and applied "Act 91" case law instead of plain language of the mortgage and note, or any applicable case law. *Goldberg v. Kelly, 397 U.S. 254*

500.   Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

501.   Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint, The Honorable Ann Lazaras entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

502.   Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the Honorable Ann Lazaras cited case law that was inapplicable, or inapposite to Taggart's case.

503.   The Honorable Ann Lazaras applied "Act 91" case law to Taggart's case, or otherwise adopted the lower court's opinion, that did  not apply to the case and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

504.   The Honorable Ann Lazaras should have dismissed the case, and has an

obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

505.    The Honorable Ann Lazaras failed to cite that the Honorable Jeffrey Saltz lacked authority to pronounce judgment when he had no jurisdiction over the case. As Such, the Judgment affirmed by the Honorable Ann Lazaras on, August 1, 2019, is *void ab initio.*

506.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Ann Lazaras adopted the opinion of the Honorable Jeffrey Saltz, and cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction.

507.    Additionally, the Honorable Ann Lazaras failed to provide Due Process" pursuant to: *Mathews v. Eldridge, 424 U.S. 319 (1976).*

508.    A failure by the Honorable Ann Lazaras to administer, or otherwise adjudicate the claims based on the evidence.

509.    **As Such, Plaintiff seeks relief from the court to "Declare" that the Honorable Ann Lazaras failed to effectuate the "Due Process Rights" of Kenneth Taggart, and Adjudicate the claims in the foreclosure action consistent with the evidence and failed to dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TWENTY EIGHT

**AGAINST DEFENDANT THE HONORABLE ANN LAZARAS VIOLATION OF "DUE PROCESS RIGHTS" BY NOT PROVIDING "EQUAL PROTECTION UNDER THE LAW" PURSUANT TO THE UNITED STATES CONSTITUTION**

510.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

511.    Defendant,  the Honorable Ann Lazaras , by way of the order issued on August 1,2019, which affirmed the order of March 27, 2018 failed to effectuate the "Equal Protection" under the law, and "Due Process" Rights of Plaintiff under the Constitution of the United States of America.

512.    The Honorable Ann Lazaras, on August 1,2019, affirmed the order of March 27,2018 granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

513.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

514.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Ann Lazaras entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

515.    The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

516.    The Honorable Jeffrey Saltz, lacked authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018, and affirmed by Ann Lazaras on August 1,2019, is *void ab initio.*

517.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the

Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction. Affirmed by the Honorable Ann Lazaras on August 1,2019.

518.    This was a failure by the Honorable Ann Lazaras to administer, or otherwise adjudicate the claims based on the evidence, and case law.

519.    The Honorable Ann Lazaras failed to follow precedential case law of the Superior Court of Pennsylvania - all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction.

520.    The following cases were applied to others in similar cases, but were not applied to Plaintiff's case and depriving him of equal protection under the law. All are applicable to Plaintiff's foreclosure action and not applied by the Honorable Ann Lazaras.

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

521.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Ann Lazaras failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and Pa Rule 1035.1, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

## COUNT TWENTY NINE

# AGAINST DEFENDANT THE HONORABLE SUSAN PIKES GANTMAN
## VIOLATION OF "DUE PROCESS RIGHTS"
### PURSUANT TO THE UNITED STATES CONSTITUTION

*Goldberg v Kelly  397 U.S. 254 and Mathews v. Eldridge, 424 U.S. 319 (1976).*

522.     Plaintiff incorporates all other pleadings in this complaint as part of this count.

523.     Defendant,  the Honorable Susan Pikes Gantman, by way of the order issued on August 1, 2019, failed to effectuate the "Due Process" rights of Plaintiff under the United States Constitution.

524.     The Honorable  Susan Pikes Gantman, on August 1,2019 issued an *Order* affirming

judgment for Wells Fargo Bank N.A. and against Kenneth Taggart, when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they were not the owner of the note and mortgage as alleged in their complaint.

525.     The Order issued on August 1,2019 violated Kenneth Taggart's "Due Process Rights,– *Goldberg v. Kelly, 397 U.S. 254*- Due Process Rights, Right to Burden of Proof, Neutral Decision Maker, Delay, Statement of Decision. The Honorable Susan Pikes Gantman provided an insufficient Opinion in Support of Judgment entered on August 1,2019.

526.     The order issued, August 1,2019, is clearly is devoid of a complete statement of Decision…it fails to provide statement on lack of ownership of the mortgage on April 1, 2010, or lack statement of Wells Fargo meeting conditions precedent by complying with the mortgage and note by properly effectuating a "*notice of intent to accelerate*" , or a "*notice of intent to foreclose*".

527.     The Honorable Susan Pikes Gantman failed to consider Fraud pleadings, and

90

Notices of Fraud filed by Taggart, depriving him of his "Due Process" rights. *Goldberg v. Kelly, 397 U.S. 254*

528.    Wells Fargo *failed to meet its burden of proof* to enter judgment in its favor. In fact it failed to even evince "standing", subject matter jurisdiction, in rem jurisdiction, or personal jurisdiction by evincing ownership of mortgage and note when complaint was filed, or providing pre-foreclosure notices as a conditions precedent to maintain standing and jurisdiction. *Goldberg v. Kelly, 397 U.S. 254*

529.    The Honorable Susan Pikes Gantman was *not a "Neutral Decision Maker"* as the judgment was entered against Taggart for retaliation for Free Speech against the court and the Commonwealth of Pennsylvania. The decision was not supported, due process was not provided, and the opinion was incomplete or devoid of case law, or legal authority to support the judgment. *Goldberg v. Kelly, 397 U.S. 254.*

530.    The decision was also made in retaliation against Taggart for a prior opinion in another case that was before the Superior Court of Pennsylvania, and reversed by the Pennsylvania Supreme Court, *JP Morgan Chase Bank v. Taggart, J-67-2018 (Pa. Feb. 20, 2019). Emphasis Added*

531.    An *incomplete Statement of Decision* was provided by the Honorable Ann Lazaras as he failed to address the lack of ownership of the mortgage and note on April 1, 2010, and failed to address the lack of pre-foreclosure notices pursuant to the mortgage and note. The decision was incomplete and applied "Act 91" case law instead of plain language of the mortgage and note, or any applicable case law. *Goldberg v. Kelly, 397 U.S. 254*

532.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

533.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter

jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it complied with conditions precedent prior to filing a foreclosure complaint, The Honorable Susan Pikes Gantman entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights by not providing an opinion as to the lack of evidence that Wells Fargo Bank failed to effectuate pre-foreclosure notices of "*notice of intent to accelerate*" and "*notice of intent to foreclose*" in compliance with the terms of the mortgage and note.

534.    Instead of citing evidence of compliance of pre-foreclosure notices pursuant to the mortgage and note, and providing an opinion with applicable case law, the Honorable Susan Pikes Gantman cited case law that was inapplicable, or inapposite to Taggart's case.

535.    The Honorable Susan Pikes Gantman applied "Act 91" case law to Taggart's case, or otherwise adopted the lower court's opinion, that did  not apply to the case and failed to opine on why the court failed to dismiss the case for failure to comply with conditions precedent as required by the mortgage and note.

536.    The Honorable Susan Pikes Gantman should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

537.    The Honorable Susan Pikes Gantman failed to cite that the Honorable Jeffrey Saltz lacked authority to pronounce judgment when he had no jurisdiction over the case. As Such, the Judgment affirmed by the Honorable Susan Pikes Gantman on, August 1, 2019, is *void ab initio.*

538.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Susan Pikes Gantman adopted the opinion of the Honorable Jeffrey Saltz, and cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal

jurisdiction, and subject matter jurisdiction.

539.    Additionally, the Honorable Susan Pikes Gantman failed to provide Due Process"
pursuant to: *Mathews v. Eldridge, 424 U.S. 319 (1976).*

540.    A failure by the Honorable Susan Pikes Gantman to administer, or otherwise
adjudicate the claims based on the evidence.

541.    **As Such, Plaintiff seeks relief from the court to "Declare" that the
Honorable Susan Pikes Gantman failed to effectuate the "Due Process Rights" of Kenneth
Taggart, and Adjudicate the claims in the foreclosure action consistent with the evidence
and failed to dismiss all claims as required by law to effectuate the "Due Process" rights of
Kenneth Taggart.**

## COUNT THIRTY

**AGAINST DEFENDANT THE HONORABLE SUSAN PIKES GANTMAN
VIOLATION OF "DUE PROCESS RIGHTS" BY <u>NOT PROVIDING</u> "EQUAL
PROTECTION UNDER THE LAW" PURSUANT TO THE UNITED STATES
CONSTITUTION**

542.    Plaintiff incorporates all other pleadings in this complaint as part of this count.

543.    Defendant,  the Honorable Susan Pikes Gantman , by way of the order issued on
August 1,2019, which affirmed the order of March 27, 2018 failed to effectuate the "Equal
Protection" under the law, and "Due Process" Rights of Plaintiff under the Constitution of the
United States of America.

544.    The Honorable Susan Pikes Gantman, on August 1,2019, affirmed the order of
March 27, 2018 granting judgment for Wells Fargo Bank N.A. and against Kenneth Taggart,
when there was evidence on the record submitted by Wells Fargo Bank N.A. evincing that they

were not the owner of the note and mortgage as alleged in their complaint.

545.    Under the United States Constitution a party must, properly plead and provide evidence to bring a legal action and maintain "Standing" subject matter jurisdiction, *in rem* jurisdiction, and personal jurisdiction to effectuate "Due Process".

546.    Despite the failure of Wells Fargo Bank N.A.to evince "Standing", subject matter jurisdiction, in rem jurisdiction, and personal jurisdiction, by providing evidence that it was the owner of the note and mortgage on April 1,2010 when the complaint was filed, the Honorable Susan Pikes Gantman entered an order affirming Judgment in favor of Wells Fargo Bank N.A. depriving Kenneth Taggart of his due process rights.

547.    The court should have dismissed the case, and has an obligation to dismiss the case, when it was presented with evidence that the court lacks jurisdiction.

548.    The Honorable Jeffrey Saltz, lacked authority to pronounce judgment when it has no jurisdiction over the case. As Such, the Judgment entered by the Honorable Jeffrey Saltz on March 27, 2018, and affirmed by Susan Pikes Gantman on August 1,2019, is *void ab initio.*

549.    Instead of dismissing the case as a matter of law based on the assignment of mortgage and corrective assignment of mortgage evincing ownership began on April 5,2010, the Honorable Jeffrey Saltz cited the corrective assignment of mortgage as evidence of "Standing", *in rem* jurisdiction, personal jurisdiction, and subject matter jurisdiction. Affirmed by the Honorable Susan Pikes Gantman on August 1,2019.

550.    This was a failure by the Honorable Susan Pikes Gantman to administer, or otherwise adjudicate the claims based on the evidence, and case law.

551.    The Honorable Susan Pikes Gantman failed to follow precedential case law of the Superior Court of Pennsylvania - all of which provide that the party in a foreclosure action must evince standing , subject matter jurisdiction, and in rem jurisdiction.

552.    The following cases were applied to others in similar cases, but were not applied

to Plaintiff's case and depriving him of equal protection under the law. All are applicable to Plaintiff's foreclosure action and not applied by the Honorable Susan Pikes Gantman.

- *Wells Fargo v Lupori, No. 1522 WDA 2009, November 12, 2010.*

- *U.S Bank v Mallory, 982 A.2d 986 (Pa. Super. 2009),*

- *JP Morgan Chase Bank, N.A. v. Murray, 63 A.3d 1258, 1258 (Pa. Super. 2013).*

553.    **As Such, Plaintiff seeks relief from the court to "Declare" the Honorable Susan Pikes Gantman failed a to effectuate the "Due Process Rights", and provide "Equal Protection Under the Law" to Kenneth Taggart, and adjudicate the claims in the foreclosure action consistent with the evidence and Pa Rule 1035.1, and dismiss all claims as required by law to effectuate the "Due Process" rights of Kenneth Taggart.**

**Kenneth Taggart, Plaintiff**

EXHIBIT "A"

Phelan Hallinan & Schmieg, LLP
Lawrence T. Phelan, Esq., Id. No. 32227
Francis S. Hallinan, Esq., Id. No. 62695
Daniel G. Schmieg, Esq., Id. No. 62205
Michele M. Bradford, Esq., Id. No. 69849
Judith T. Romano, Esq., Id. No. 58745
Sheetal R. Shah-Jani, Esq., Id. No. 81760
Jenine R. Davey, Esq., Id. No. 87077
Lauren R. Tabas, Esq., Id. No. 93337
Vivek Srivastava, Esq., Id. No. 202331
Jay B. Jones, Esq., Id. No. 86657
Peter J. Mulcahy, Esq., Id. No. 61791
Andrew L. Spivack, Esq., Id. No. 84439
Jaime McGuinness, Esq., Id. No. 90134
Chrisovalante P. Fliakos, Esq., Id. No. 94620
Joshua I. Goldman, Esq., Id. No. 205047
Courtenay R. Dunn, Esq., Id. No. 206779
Andrew C. Bramblett, Esq., Id. No. 208375
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
215-563-7000

234661

**ATTORNEY FOR PLAINTIFF**



2010-08638-0000
4/12/2010 10:11:25 AM
Complaint in Mortgage Foreclosure
Receipt # 2010-14-406        $251.00
Mark Levy - Montgomery County Prothonotary

WELLS FARGO BANK, N.A.
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715

    Plaintiff

    v.

KENNETH J. TAGGART
A/K/A KENNETH TAGGERT
709 SCHWAB ROAD
HATFIELD, PA 19440-3206

    Defendant

**COURT OF COMMON PLEAS**

**CIVIL DIVISION**

**TERM**

NO. 10 · 08638

**MONTGOMERY COUNTY**

**CIVIL ACTION - LAW**
**COMPLAINT IN MORTGAGE FORECLOSURE**



## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Services:
Montgomery Bar Association
100 West Airy Street
P.O. Box 268
Norristown, PA 19404
(610) 279-9660
(800) 560-5291

File #: 234661

1. Plaintiff is

   WELLS FARGO BANK, N.A.
   3476 STATEVIEW BOULEVARD
   FORT MILL, SC 29715

2. The name(s) and last known address(es) of the Defendant(s) are:

   KENNETH J. TAGGART
   A/K/A KENNETH TAGGERT
   709 SCHWAB ROAD
   HATFIELD, PA 19440-3206

   who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3. On 12/16/2008 mortgagor(s) made, executed and delivered a mortgage upon the premises hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS A NOMINEE FOR AMERICAN PARTNERS BANK which mortgage is recorded in the Office of the Recorder of MONTGOMERY County, in Mortgage Book No. 12531, Page 2640. The PLAINTIFF is now the legal owner of the mortgage and is in the process of formalizing an assignment of same. The mortgage and assignment(s), if any, are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves the Plaintiff from its obligations to attach documents to pleadings if those documents are of public record.

4. The premises subject to said mortgage is described as attached.

5. The mortgage is in default because monthly payments of principal and interest upon said mortgage due 12/01/2009 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of mortgagor to make such payments after a date specified by written notice sent to Mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.

6.  The following amounts are due on the mortgage:

| | |
|---|---|
| Principal Balance | $265,575.92 |
| Interest | $7,278.20 |
| 11/01/2009 through 03/31/2010 | |
| (Per Diem $48.20) | |
| Attorney's Fees | $650.00 |
| Cumulative Late Charges | $257.40 |
| 12/16/2008 to 03/31/2010 | |
| Property Inspections/Property Preservations | $30.00 |
| Costs of Suit and Title Search | $550.00 |
| Subtotal | $274,341.52 |
| Suspense Credit | $0.00 |
| Escrow | |
| Credit | ($38.05) |
| Deficit | $0.00 |
| Subtotal | $38.05 |
| **TOTAL** | $274,303.47 |

7.  Plaintiff is not seeking a judgment of personal liability (or an in personam judgment) against the Defendant(s) in the Action; however, Plaintiff reserves its right to bring a separate Action to establish that right, if such right exists. If Defendant(s) has/have received a discharge of personal liability in a bankruptcy proceeding, this Action of Mortgage Foreclosure is in no way an attempt to reestablish such personal liability discharged in bankruptcy, but only to foreclose the mortgage and sell the mortgaged premises pursuant to Pennsylvania Law.

8.  Notice of Intention to Foreclose as set forth in Act 6 of 1974, Notice of Homeowner's Emergency Assistance Program pursuant to Act 91 of 1983, as amended in 1998, and/or Notice of Default as required by the mortgage document, as applicable, have been sent to the Defendant(s) on the date(s) set forth thereon, and the temporary stay as provided by said notice has terminated because Defendant(s) has/have failed to meet with the Plaintiff or an authorized consumer credit counseling agency, or has/have been denied assistance by the Pennsylvania Housing Finance Agency.

9.    The action does not come under Act 6 of 1974 because the original mortgage amount
exceeds the dollar amount provided in the statute.

WHEREFORE, Plaintiff demands an in rem judgment against the Defendant(s) in the sum of
$274,303.47, together with interest from 03/31/2010 at the rate of $48.20 per diem to the date of
judgment, and other costs, fees, and charges collectible under the mortgage and for the
foreclosure and sale of the mortgaged property.

PHELAN HALLINAN & SCHMIEG, LLP

By:
☐ Lawrence T. Phelan, Esq., Id. No. 32227
☑ Francis S. Hallinan, Esq., Id. No. 62695
☐ Daniel G. Schmieg, Esq., Id. No. 62205
☐ Michele M. Bradford, Esq., Id. No. 69849
☐ Judith T. Romano, Esq., Id. No. 58745
☐ Sheetal R. Shah-Jani, Esq., Id. No. 81760
☐ Jenine R. Davey, Esq., Id. No. 87077
☐ Lauren R. Tabas, Esq., Id. No. 93337
☐ Vivek Srivastava, Esq., Id. No. 202331
☐ Jay B. Jones, Esq., Id. No. 86657
☐ Peter J. Mulcahy, Esq., Id. No. 61791
☐ Andrew L. Spivack, Esq., Id. No. 84439
☐ Jaime McGuinness, Esq., Id. No. 90134
☐ Chrisovalante P. Fliakos, Esq., Id. No. 94620
☐ Joshua I. Goldman, Esq., Id. No. 205047
☐ Courtenay R. Dunn, Esq., Id. No. 206779
☐ Andrew C. Bramblett, Esq., Id. No. 208375
Attorneys for Plaintiff

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground, situate in the Township of Hatfield, County of Montgomery, and Commonwealth of Pennsylvania, bounded and described according to a certain subdivision plan made by Eustace Engineering dated January 7, 2004, and last revised May 13, 2004, said plan being recorded in the Office of the Recorder of Deed for Montgomery County at Norristown, Pennsylvania in Plan Book 23 page 407, as follows, to wit.

BEGINNING at a point on the centerline of Schwab Road (proposed 60 feet wide) a corner of Lot #1 and lands of Wasyl and Patricia Sawaka as shown on said Plan, which point is measured along the said center line of Schwab Road South 2 degrees 27 minutes 00 seconds East the distance of 595.36 feet from a point formed by the intersection of the said centerline of Schwab Road and the Southeasterly side of Industrial Drive extended; thence extending from said beginning North 45 degrees 08 minutes 25 seconds East the distance of 250.96 feet to a point; thence extending South 42 degrees 27 minutes 00 seconds East the distance of 112.31 feet to a point, thence extending South 44 degrees 36 minutes 00 seconds West the distance of 250.16 feet to a point on the said centerline of Schwab Road; thence extending along the said centerline of Schwab Road North 42 degrees 27 minutes 00 seconds West the distance of 139.70 feet to the first mentioned point and place of beginning.

BEING Lot No 1 as shown on the above mentioned plan.

COUNTY PARCEL # 35.00 09874009

File #: 234661

BEING PART OF THE SAME Premises, which Irena T Rea and Robert Traczewski and Richard Traczewski, by Deed dated 12/16/2002 and recorded 1/15/2003 in Norristown in the Offices for the Recording of Deeds, in and for the County of Montgomery, in Deed Book 5442, page 1354 granted and conveyed unto Kenneth Taggert and Diane Kramer, in fee.

PROPERTY BEING; 709 SCHWAB ROAD

## VERIFICATION

The undersigned attorney hereby states that I am the attorney for the Plaintiff in this matter, that Plaintiff is outside the jurisdiction of the Court and/or the verification could not be obtained within the time allowed for the filing of the pleading, that I am authorized to make this verification pursuant to Pa.R.C.P. 1024 (c), and that the statements made in the foregoing Civil Action in Mortgage Foreclosure are based upon information supplied by Plaintiff and are true and correct to the best of my knowledge, information and belief. Furthermore, counsel intends to substitute a verification from Plaintiff upon receipt.

The undersigned understands that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsifications to authorities.

_____
Attorney for Plaintiff

DATE: 3/31/10

File #: 234661

EXHIBIT "B"



**RECORDER OF DEEDS**
**MONTGOMERY COUNTY**
*Nancy J. Becker*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

MTG BK 12837 PG 02153 to 02156
INSTRUMENT # : 2010040714
RECORDED DATE: 05/18/2010 12:38:05 PM



1541530-0019M

**MONTGOMERY COUNTY ROD**

### OFFICIAL RECORDING COVER PAGE

Page 1 of 4

| | |
|---|---|
| Document Type: Mortgage Assignment | Transaction #: 1446689 - 19 Doc(s) |
| Document Date: 04/05/2010 | Document Page Count: 3 |
| Reference Info: | Operator Id: imacgreg |

RETURN TO: (Mail)
JAM TRANSFERS INC
604 THORNCROFT DR.
WEST CHESTER, PA 19380

SUBMITTED BY:
JAM TRANSFERS INC.
604 THORNCROFT DR.
WEST CHESTER, PA 19380

* PROPERTY DATA:
Parcel ID #:  35-00-09874-00-9
Address:  709 SCHWAB RD

PA
19440
Municipality:
School District:

* ASSOCIATED DOCUMENT(S):
MTG BK 12531 PG 02640

**FEES / TAXES:**

| | |
|---|---|
| Recording Fee: Mortgage Assignment | $54.00 |
| Total: | $54.00 |

MTG BK 12837 PG 02153 to 02156
Recorded Date: 05/18/2010 12:38:05 PM

I hereby CERTIFY that
this document is
recorded in the
Recorder of Deeds
Office in Montgomery
County, Pennsylvania.



Nancy J. Becker
Recorder of Deeds

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

MONTCO

Prepared By: Phelan Hallinan & Schmieg, LLP
1617 JFK Boulevard, Suite 1400, One Penn Center Plaza   RECORDER OF DEEDS
Philadelphia, PA 19103                                  MONTGOMERY COUNTY

Return To: Phelan Hallinan & Schmieg, LLP          2010 MAY 18   AM 10: 32
1617 JFK Boulevard, Suite 1400, One Penn Center Plaza
Philadelphia, PA 19103
ryan.galvin@fedphe.com

CPN:      35-00-09874-00-9

## ASSIGNMENT OF MORTGAGE

KNOW ALL MEN BY THESE PRESENTS that "**Mortgage Electronic Registration Systems, Inc.**" hereinafter "**Assignor**" the holder of the Mortgage hereinafter mentioned, for and in consideration of the sum of ONE DOLLAR ($1.00) lawful money unto it in hand paid by WELLS FARGO BANK, N.A., "**Assignee,**" the receipt whereof is acknowledged, has granted, bargained, sold, assigned, transferred and set over unto the said Assignee, its successors and assigns, ALL THAT CERTAIN Indenture of Mortgage given and executed by KENNETH J. TAGGART to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS A NOMINEE FOR AMERICAN PARTNERS BANK, bearing the date 12/16/2008, in the amount of $268,000.00, together with the Note and indebtedness therein mentioned, said Mortgage being recorded on 02/06/2009 in the County of MONTGOMERY, Commonwealth of Pennsylvania, in Mortgage Book 12531 Page 2640, MIN: 100323800000284852.

Being Known as Premises: **709 SCHWAB ROAD, HATFIELD, PA 19440-3296**
Parcel No: 35-00-09874-00-9

The transfer of the mortgage and accompanying rights was effective at the time the loan was sold and consideration passed to the Assignor. This assignment is solely intended to describe the instrument sold in a manner sufficient to put third parties on public notice of what has been sold.

Also the Bond or Obligation in the said Indenture of Mortgage recited, and all Moneys, Principal and Interest, due and to grow due thereon, with the Warrant of Attorney to the said Obligation annexed. Together with all Rights, Remedies and incidents thereunto belonging. And all its Right, Title, Interest, Property, Claim and Demand, in and to the same:

TO HAVE, HOLD, RECEIVE AND TAKE, all and singular the hereditaments and premises granted and assigned, or mentioned and intended so to be, with the appurtenances unto Assignee, its successors and assigns, to and for its only proper use, benefit and behoof forever; subject, nevertheless, to the equity of redemption of said Mortgagor in the said Indenture of Mortgage named, and his/her/their heirs and assigns therein.

IN WITNESS WHEREOF, the said "Assignor" has caused its Corporate Seal to be herein affixed and these presents to be duly executed by its proper officers this 5th day of April, 2010.

Mortgage Electronic Registration Systems, Inc.

By: _____
Judith T. Romano, Assistant Secretary and Vice President

Sealed and Delivered
in the presence of us;

State of Pennsylvania      :
                           ss.
County of Philadelphia     :

On this 5th day of April, 2010, before me, the subscriber, personally appeared Judith T. Romano, who acknowledged herself to be the Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., and that she, as such Assistant Secretary and Vice President, being authorized to do so, executed the foregoing instrument for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

_____
Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
EUGENE JASKIEWICZ, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 13, 2012

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
35-00-09874-00-9   HATFIELD TWP
709 SCHWAB RD
TAGGART KENNETH J                    $10.00
B 020  U 051  L t 1101  DATE: 05/18/2010      BR

RECEIVED         8 2510

The precise address of the within named
Assignee is:
3476 STATEVIEW BOULEVARD
FORT MILL, SC 29715
By:
‌(For Assignee)

After recording return to:
Phelan Hallinan & Schmieg, LLP
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103

April 2, 2010
Document Execution
0211223136
PHS # 234661

ALL THAT CERTAIN lot or piece of ground, situate in the Township of Hatfield, County of Montgomery, and Commonwealth of Pennsylvania, bounded and described according to a certain subdivision plan made by Eustace Engineering dated January 7, 2004, and last revised May 13, 2004, said plan being recorded in the Office of the Recorder of Deed for Montgomery County at Norristown, Pennsylvania in Plan Book 23 page 407, as follows, to wit.

BEGINNING at a point on the centerline of Schwab Road (proposed 60 feet wide) a corner of Lot #1 and lands of Wasyl and Patricia Sawaka as shown on said Plan, which point is measured along the said center line of Schwab Road South 2 degrees 27 minutes 00 seconds East the distance of 595.36 feet from a point formed by the intersection of the said centerline of Schwab Road and the Southeasterly side of Industrial Drive extended; thence extending from said beginning North 45 degrees 08 minutes 25 seconds East the distance of 250 96 feet to a point, thence extending South 42 degrees 27 minutes 00 seconds East the distance of 112 31 feet to a point, thence extending South 44 degrees 36 minutes 00 seconds West the distance of 250.16 feet to a point on the said centerline of Schwab Road; thence extending along the said centerline of Schwab Road North 42 degrees 27 minutes 00 seconds West the distance of 139,70 feet to the first mentioned point and place of beginning.

BEING Lot No 1 as shown on the above mentioned plan.

COUNTY PARCEL # 35 00 09874009

BEING PART OF THE SAME Premises, which Irena T Rea and Robert Traczewski and Richard Traczewski, by Deed dated 12/16/2002 and recorded 1/15/2003 in Norristown in the Offices for the Recording of Deeds, in and for the County of Montgomery, in Deed Book 5442, page 1554, granted and conveyed unto Kenneth Taggert and Diane Kramer, in fee.

EXHIBIT "C"

 

MTG BK 14068 PG 02748 to 02751
INSTRUMENT # : 2016001293
RECORDED DATE: 01/07/2016 09:22:40 AM



3290389-0012U

RECORDER OF DEEDS
MONTGOMERY COUNTY
*Jeanne Sorg*

One Montgomery Plaza
Swede and Airy Streets ~ Suite 303
P.O. Box 311 ~ Norristown, PA 19404
Office: (610) 278-3289 ~ Fax: (610) 278-3869

## OFFICIAL RECORDING COVER PAGE

**MONTGOMERY COUNTY ROD**

Page 1 of 4

| | | | |
|---|---|---|---|
| Document Type: | Mortgage Assignment | | |
| Document Date: | 12/29/2015 | Transaction #: | 3316788 - 1 Doc(s) |
| Reference Info: | | Document Page Count: | 3 |
| **RETURN TO:** (Ingeo) | | Operator Id: | ebossard |
| Wells Fargo - DA L2 | | **PAID BY:** | |
| 1000 Blue Gentian Rd | | WELLS FARGO - DA L2 | |
| Eagan, MN 55121 | | | |

**\* PROPERTY DATA:**

Parcel ID #:        35-00-09874-00-9
Address:           709 SCHWAB RD

                   HATFIELD PA
                   19440
Municipality:      Hatfield Township (100%)
School District:   North Penn

**\* ASSOCIATED DOCUMENT(S):**
MTG BK 12531 PG 02640

**FEES / TAXES:**

| | | |
|---|---|---|
| Recording Fee:Mortgage Assignment | $76.00 | |
| Total: | $76.00 | |

MTG BK 14068 PG 02748 to 02751
Recorded Date: 01/07/2016 09:22:40 AM

I hereby CERTIFY that this document is
recorded in the Recorder of Deeds Office in
Montgomery County, Pennsylvania.



**Jeanne Sorg**
**Recorder of Deeds**

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

NOTE: If document data differs from cover sheet, document data always supersedes.
\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

rtification signature by montgomery.county.rod@propertyinfo.com, Validity
iknown


Certified and Digitally Signed

eCertified copy of recorded # 2016001293 (page 1 of 4)
Montgomery County Recorder of Deeds


Prepared By:
LESLIE ANN KNUTSON,
WELLS FARGO BANK, N.A.
1000 BLUE GENTIAN RD
SUITE 200
EAGAN, MN 55121
1-866-234-8271

When Recorded Return To:
ASSIGNMENT TEAM
WELLS FARGO BANK, N.A.
MAC: N9289-016
PO BOX 1629
EAGAN, MN 55121-4400

MONTGOMERY COUNTY COMMISSIONERS REGISTRY
35-00-09874-00-9    HATFIELD TOWNSHIP
709 SCHWAB RD
TAGGART KENNETH J
B 020 L 1 U 051 1101 01/07/2016                    $15.00
                                                    ND

Assessor's/Tax ID No. 350009874009

---

## CORRECTIVE ASSIGNMENT OF MORTGAGE

|| || || || || || || || || || || || || || || || || || ||

Montgomery, Pennsylvania
"TAGGART"

## MIN #: 100323800000284852 SIS #: 1-888-679-6377

Date of Assignment: December 29th, 2015
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR
AMERICAN PARTNERS BANK, ITS SUCCESSORS AND ASSIGNS
Assignee: WELLS FARGO BANK, NA

I hereby certify the precise address of the within named Assignor is P.O. BOX 2026, FLINT, MI
48501-2026.

I hereby certify the precise address of the within named Assignee is 1 HOME CAMPUS, DES MOINES,
IA 50328.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC has a physical address at 1901 E
Voorhees Street, Suite C, Danville, IL 61834 and a mailing address at P.O. BOX 2026, FLINT, MI
48501-2026

Executed By: KENNETH J. TAGGART  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR AMERICAN PARTNERS BANK, ITS SUCCESSORS AND ASSIGNS
Date of Mortgage:  12/16/2008 Recorded: 02/06/2009 in Book/Reel/Liber: 12531 Page/Folio: 02640 as
Instrument/Document: 2009009551 In the County of Montgomery, State of Pennsylvania.

-Assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. TO WELLS FARGO
BANK, N.A. Dated: 04/05/2010 Recorded: 05/18/2010 in Book/Reel/Liber: 12837 Page/Folio: 02153 as
Instrument/Document: 2010040714
Property Address: 709 SCHWAB ROAD, HATFIELD, PA 19440 in the Township of HATFIELD

"LAK*LAKWFEM*12/29/2015 12:08:56 PM* WFEM01WFEMA00000000000001398379* PAMONTG*
PASTATE_MORT_ASSIGN_ASSN **TLHWFEM*

eCertified copy of recorded # 2016001293 (page 2 of 4)
Montgomery County Recorder of Deeds

CORRECTIVE ASSIGNMENT OF MORTGAGE Page 2 of 3

Legal: N/A

This Corrective Assignment is being recorded to verify the signing authority and to amend that
Assignment recorded 05/18/2010 as Instrument 2010040714 at Book 12837 Page 02153, as that
Assignment incorrectly shows the Assignor to be Mortgage Electronic Registration Systems, Inc.
whereas it should show MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
FOR AMERICAN PARTNERS BANK, ITS SUCCESSORS AND ASSIGNS

I do certify that the precise address of WELLS FARGO BANK, NA is 1 HOME CAMPUS, DES MOINES,
IA 50328
Attested By: _____

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and
sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named
Assignee, the said Mortgage having an original principal sum of $268,000.00 with interest, secured
thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained,
and the said assignor hereby grants and conveys unto the said assignee, the assignor's interest under
the Security Instrument.

TO HAVE AND TO HOLD the said Security Instrument, and the said property unto the said assignee
forever, subject to the terms contained in said Security Instrument.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN
PARTNERS BANK, ITS SUCCESSORS AND ASSIGNS
On  12 · 29.15

By: Carla M. Naberhon.
Assistant Secretary

*LAK*LAKWFEM*12/29/2015 12:08:56 PM* WFEM01WFEMA00000000000001398379* PAMONTG*
PASTATE_MORT_ASSIGN_ASSN **TLHWFEM*

eCertified copy of recorded # 2016001293 (page 3 of 4)
Montgomery County Recorder of Deeds


CORRECTIVE ASSIGNMENT OF MORTGAGE Page 3 of 3

STATE OF Minnesota
COUNTY OF Dakota

On 12/29/15 , before me, Tryphena V C Mitchell , a Notary Public in the State of
Minnesota, personally appeared ____Carla M. Martin____, Assistant Secretary of
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN
PARTNERS BANK, ITS SUCCESSORS AND ASSIGNS, personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Tryphena V C Mitchell
Notary Expires: 1/31/2019

> TRYPHENA V C MITCHELL
> Notary Public
> Minnesota
> My Comm. Expires
> Jan 31, 2019

(This area for notarial seal)

*LAK*LAKWFEM*12/29/2015 12:08:56 PM* WFEM01WFEMA000000000000001398379* PAMONTG*
PASTATE_MORT_ASSIGN_ASSN **TLHWFEM*

eCertified copy of recorded # 2016001293 (page 4 of 4)
Montgomery County Recorder of Deeds


EXHIBIT "D"

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL ACTION – LAW

WELLS FARGO BANK, N.A.                      :        No. 2010-08638
                                           :
          vs.                              :
                                           :
KENNETH J. TAGGART a/k/a                   :
KENNETH TAGGERT                            :

## ORDER

**AND NOW**, this _≥ 7th_ day of March, 2018, upon consideration of Plaintiff's Motion for

Summary Judgment and the Response filed by Defendant, and after oral argument, it is hereby

ORDERED that the Motion is **GRANTED**.

An in rem judgement is entered in favor of Plaintiff and against Defendant Kenneth J. Taggart

a/k/a Kenneth Taggert for $437,269.20 plus interest from November 1, 2017, at the rate of $48.20 per

diem, for foreclosure and sale of the mortgaged property. [1]

2010-08638-0151  3/28/2018 3:21 PM  # 11712482
Rcpt#23359277  Fee:$0.00  Order
Main (Public)
MontCo Prothonotary

BY THE COURT:

JEFFREY S. SALTZ,          J.

---

[1] Defendant's principal defense is that the subject mortgage is void or voidable because the mortgagee named in the mortgage, American Partners Bank, "did not exist" as of the date of the mortgage, December 16, 2008. In fact, the record, including government-issued documents provided by Defendant, shows without dispute that on January 16, 2008, American Partners Bank did not cease to exist; rather, on that date, its name was changed to Waterfield Bank. Thus, the designation of the mortgagee in the mortgage as American Partners Bank was erroneous, but the error was not fatal, as there is no dispute that the entity that provided the mortgage loan to Defendant was Waterfield Bank, the entity formerly known as American Partners Bank. Defendant has provided no legal authority, nor have we found any, holding that a mortgage is void or voidable on the ground that the mortgage is identified in the mortgage by a former name. Defendant's remaining defenses and arguments in opposition to the Motion are also insufficient to preclude summary judgment in favor of Plaintiff.

THIS DOCUMENT WAS DOCKETED AND SENT ON 03/28/2018

3

Copies mailed 3/27/18   to:
**By First Class Mail:**
Francis S. Hallinan, Esquire
Robert J. Birch, Esquire
Kenneth J. Taggart, 45 Herron Rd., Holland, PA 19090
**By Interoffice Mail:**
Court Administration – Civil Division

_Marias McDonnell_
Secretary

EXHIBIT "E"

EXHIBIT "F"

IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY, PENNSYLVANIA
CIVIL DIVISION

WELLS FARGO BANK, N.A.　　　　　　　　　　:　　NO. 2010-08638
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　v.　　　　　　　　　　　　　　　　:　　Superior Court
　　　　　　　　　　　　　　　　　　　　　　:　　No. 1384 EDA 2018
KENNETH J. TAGGART a/k/a　　　　　　　　:
KENNETH TAGGART　　　　　　　　　　　　　:

2010-08638-0163   7/5/2018 10:09 AM  # 11853270
Rcpt#Z3430735 Fee:$0.00 Opinion
Main (Public)
MontCo Prothonotary

**OPINION**

SALTZ, J.

July _Z_, 2018

# I.　　FACTS AND PROCEDURAL BACKGROUND

This action in mortgage foreclosure came before the Court on cross-motions of the

parties for summary judgment. The record as developed in those motions discloses the following

undisputed facts:

On December 16, 2008, Defendant Kenneth J. Taggart executed a Mortgage on property

located at 709 Schwab Road, Hatfield, Montgomery County, Pennsylvania. The instrument

identifies the lender and mortgagee as "American Partners Bank." (Pl's Mot for Summary Jt.,

Ex. A.)[1] It provides that before exercising its remedies in the event of default by Mr. Taggart,

the lender must send him written notice of the default and an opportunity to cure it. (Pl.'s Mot.,

Ex. A, para. 22.) Mr. Taggart failed to make the monthly payment due on December 1, 2009,

and the payments due thereafter. (Pl.'s Mot., Ex. B & C.)  Mr. Taggart does not dispute his

failure to make such payments, although he contends that such failure does not constitute a

default under the Mortgage, for reasons discussed below.

---

[1] Technically speaking, the Mortgage identifies "American Partners Bank" as the "Lender," and it
identifies as the mortgagee "Mortgage Electronic Registration Systems, Inc. . . . solely as nominee for
Lender and Lender's successors and assigns." (Pl.'s Mot., Ex. A, pp. 1-2.) For purposes of Mr. Taggart's
challenge to the validity of the Mortgage, the parties have treated "American Partners Bank" as the
mortgagee, and this Opinion does the same.

A copy of an Act 91 Notice sent to Mr. Taggart is attached to Plaintiff's Motion for Summary Judgment as Exhibit D. A copy of the envelope, included in the exhibit, shows that it was sent by certified mail to Mr. Taggart at the address of the mortgaged property, with a postage meter date of February 10, 2010. Notations by the postal authorities show a "first notice" of the certified mailing on "2/13" and a "second notice" on "2-18"; the envelope is stamped as "unclaimed" and shows a "returned" date of "3-2" (capitalization omitted). The Act 91 Notice states that Mr. Taggart is in default, that he may cure the default by paying specified amounts within thirty days, and that if he fails to cure, the entire balance of the debt will be due and owing.

Plaintiff Wells Fargo Bank, N.A., filed its Complaint in Mortgage Foreclosure on April 1, 2010. The Complaint alleged that "[t]he Plaintiff is now the legal owner of the mortgage and is in the process of formalizing an assignment of same." (Compl., ¶ 3 (capitalization omitted).) On January 7, 2016, Plaintiff recorded an instrument entitled Corrective Assignment of Mortgage, reflecting an assignment of the Mortgage from "Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns" to Wells Fargo Bank N.A.[2] (Pl.'s Mot., Ex. A2 (capitalization omitted).)

Mr. Taggart created an extensive record on the relevant history of American Partners Bank. Specifically, Exhibit F to Defendant's Motion for Summary Judgment is an Audit Report issued by the Office of Inspector General of the Treasury Department, entitled "Safety and

---

[2] The Corrective Assignment recites that a previous Assignment had been recorded on May 18, 2010, but was being corrected because "that Assignment incorrectly shows the Assignor to be Mortgage Electronic Registration Systems, Inc. whereas it should show Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns." (Pl.'s Mot., Ex. A2 (capitalization omitted).)

2

Soundness: In-Depth Review of Waterfield Bank," dated July 14, 2011 (hereinafter, "Audit

Report"). The Audit Report recites the following history:

### Waterfield Bank's History

Since the institution's inception in 2000, Waterfield Bank has changed ownership three times. Initially, it opened on June 12, 2000, as Assurance Partners Bank, a federal chartered de novo thrift in Carmel, Indiana. . . .

On April 8, 2005, Federal City Bancorp, Inc. acquired a controlling interest in the institution via a private placement. The headquarters were relocated to Bethesda, Maryland, and *the name was changed* to American Partners Bank. . . .

. . . .

On January 16, 2008, Affinity [Financial Corporation, Inc.] acquired Federal City Bancorp, Inc. and infused $20 million in American Partners Bank. The institution's *name was changed* to Waterfield Bank and a new board of directors and management team were installed. [Audit Report, at 23-24 (emphasis added).[3]]

Mr. Taggart filed his Motion for Summary Judgment on May 12, 2017. Plaintiff filed its

own Motion for Summary Judgment on November 7, 2017. The Motions were fully briefed, and

oral argument was held on March 26, 2018. On March 27, 2018, Orders were issued denying

Mr. Taggart's Motion and granting Plaintiff's Motion; the latter Order entered an in rem

judgment against Mr. Taggart for foreclosure and sale of the mortgaged property. On April 23,

2018, Mr. Taggart filed a Motion for Reconsideration of the Order granting summary judgment

in favor of Plaintiff. That Motion was denied by Order dated April 24, 2018.[4]

---

[3] A Certification from the Federal Deposit Insurance Corporation, also submitted by Mr. Taggart, is to the same effect: "[E]ffective February 1, 2006, Assurance Partners Bank *changed title* to American Partners Bank . . . [;] effective January 21, 2008, American Partners Bank *changed title* to Waterfield Bank." (Def.'s Mot., Ex. H, p.1 (emphasis added).) Mr. Taggart acknowledges that Waterfield Bank had the same FDIC number as American Partners Bank. (Mem. in Supp. of Def.'s Mot , unnumbered p. 12.)

[4] Several other filings deserve brief mention. On December 18, 2017, Mr. Taggart (acting pro se, although represented by counsel) filed a document entitled Notice of Fraud, attaching a letter addressed to several government officials complaining of Plaintiff's alleged fraud in relying on a Mortgage that Mr. Taggart claimed to be invalid. On January 22, 2018, Plaintiff filed a Motion to Strike the Notice of Fraud. In addition, on March 23 and 26, 2018, Mr. Taggart (again acting pro se) filed seven Motions to

Mr. Taggart filed a Notice of Appeal on April 26, 2018, and subsequently filed a timely

Concise Statement of Matters Complained of on Appeal, listing the following issues:

1.  Whether the trial court erred in Granting Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion for Summary Judgment?

2.  Whether the Trial court erred when it failed to cite that Plaintiff did not provide proper "Notice" pursuant to the mortgage contract in regards to the Notice of Default and Notice of Intent to file the Complaint?

3.  Whether the trial court erred when it found that the mortgage and note were legally perfected, legally created pursuant to Pennsylvania law and legally created pursuant to the Pennsylvania Uniform Commercial Code?

4.  Whether Waterfield Bank was the original lender?

5   Whether the trial court erred when it held that Plaintiff, Wells Fargo Bank N.A. had standing as the real party in interest, was the holder in due course, and a party entitled to enforce the note pursuant to Pennsylvania Law?[5]

---

Take Judicial Notice of documents described as follows: public records of the Federal Deposit Insurance Corporation, public records of the Federal Reserve Board, a certification of the Federal Deposit Insurance Corporation, a certificate of the Office of the Comptroller of Currency, the Audit Report referred to above, a Petition for Writ of Mandamus filed by Mr. Taggart in federal court, and a Complaint filed by Mr. Taggart in federal court against this Court and the Commonwealth of Pennsylvania. On March 27, 2018, the same day that the Motions for Summary Judgment were decided, this Court dismissed the Defendant's Motion to Strike as moot. Also on that date, the Court denied Mr. Taggart's Motions to Take Judicial Notice. The Order noted that the Motions to Take Judicial Notice were improperly filed by Mr. Taggart pro se, even though he was represented by counsel. Further, the Order explained:

> To the extent that the documents that are the subjects of the seven Motions are attached as exhibits to Defendant's Motion for Summary Judgment or his opposition to the Plaintiff's Motion for Summary Judgment, a separate request to take judicial notice of such documents is unnecessary, as the exhibits are already part of the record. To the extent that such documents, issued by government agencies, are not already exhibits, they are redundant and cumulative, as the fact of the name change of the bank is already established. To the extent that the Defendant requests judicial notice of filings made by him in Federal Court, they are irrelevant to the proceedings before this Court.

Mr. Taggart's subsequently filed Notice of Appeal states that he is appealing "from the order(s) signed on March 27, 2018 and April 24, 2018," which might be construed to include the two Orders referred to in this footnote. The Orders are not mentioned, however, in his Concise Statement of Matters Complained of on Appeal, and therefore they are not addressed further in this Opinion.

[5] Item 1 is generic and need not be addressed beyond the discussion below of the other items. Items 3 and 4 both relate to Mr. Taggart's contention that the Mortgage is invalid because American Partners Bank

## II.    DISCUSSION

### A.    Standard for Summary Judgment

"Summary judgment is appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Lance v. Wyeth*, 85 A.3d 434, 449 (Pa. 2014); *see* Pa. R. Civ. P. 1035.2. To obtain summary judgment, the moving party must prove that no genuine issue of material fact exists. *Laich v. Bracey*, 776 A.2d 1022, 1024 (Pa. Commw. 2001). "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010); *see* Pa. R. Civ. P. 1035.1 (a trial court examines the record, consisting of pleadings, admissions, affidavits, depositions, and answers to interrogatories, on a motion for summary judgment). The trial court "may only grant summary judgment where the right to such judgment is clear and free from all doubt." *High v. Pennsy Supply, Inc.*, 154 A.3d 341, 345 (Pa. Super. 2017).

### B.    Erroneous Name of Mortgagee

Mr. Taggart's principal argument before this Court was that American Partners Bank, named as the mortgagee, "did not exist" on the date of the Mortgage, December 16, 2008. He therefore contends that the Mortgage is void or voidable. But the Audit Report relied upon by Mr. Taggart establishes unequivocally that the bank previously known as American Partners Bank did in fact exist on December 16, 2008, although its name had been changed to Waterfield Bank on January 16, 2008. The contention that the bank did not exist on the date of the Mortgage is contrary to Mr. Taggart's own exhibits. "American Partners Bank" was

---

was no longer known by that name at the time the Mortgage was issued, and they are discussed together below.

5

fr

indisputedly the former name of Waterfield Bank, and the identity of the mortgagee is therefore not at issue.

It is true that the Mortgage was erroneous in naming the mortgagee as American Partners Bank, as the bank was no longer known by that name. It does not follow, however, that the mortgage is invalid. A similar issue was addressed in *Mercer v. Santa Lucia of Hillsville*, 82 Pa. D. & C. 233 (Lawrence 1952).

In that case, a deed to real property was recorded, listing the grantee as Societa Devoti di Santa Lucia of Hillsville, Pa. *Id.* at 234. Subsequently, a mortgage on the same property was recorded, identifying the mortgagor by the same name. *Id.* at 235-36. The evidence made clear that there was no corporation or other legal entity with the name Societa Devoti di Santa Lucia of Hillsville, Pa.; rather, that name was commonly used by a corporation whose official name was Santa Lucia of Hillsville, Pa. *Id.* at 234, 236, 238. In a proceeding to determine the relative priority of various liens on the real estate, the trial judge entered an adjudication and decree nisi, concluding that both instruments were invalid because they failed to state the proper name of the grantee and mortgagor. *Id.* at 244. But on exceptions to the trial judge's ruling, that conclusion was set aside. The court held that the deed and mortgage were valid, since there was no question that the grantee and mortgagor were intended to be Santa Lucia of Hillsville, Pa., even though it was identified by the incorrect name of Societa Devoti di Santa Lucia of Hillsville, Pa.:

> Where the adjudication is in error is in finding that since defendant corporation took title in an assumed name, no title passed. . . . In the case at bar there was an existing corporation and upon careful consideration it is found that this was the entity to which title was intended to pass.

*Id.* at 249-50.

The *Mercer* court specifically distinguished the opinion of the Pennsylvania Supreme Court in *Africa v. Trexler*, 81 A. 707 (Pa. 1911). In *Africa*, a deed of real property from Levi and

6

Sarah Fritch to John and Jacob Trexler was challenged on the ground that the Fritches had

previously conveyed the same property to a grantee identified as American Stave & Lumber

Company. In fact, there was no evidence to show that American Stave & Lumber Company was

an existent legal entity. Therefore, the Superior Court held that the prior purported conveyance

to that grantee was invalid, and the Supreme Court affirmed:

> There is nothing in the record to show that the American Stave & Lumber
> Company was incorporated, or, aside from the recital in the deed, whether it was a
> partnership or an unincorporated association; and therefore no title passed from
> Fritch and wife by the [prior] deed . . . . The superior court correctly disposed of
> this question in the following language of its opinion . . . : "It does not appear in
> the record that the American Stave & Lumber Company was a corporation. . . .
> [T]he conveyance by Fritch and wife . . . to the American Stave & Lumber
> Company did not vest the legal title to the land therein described in that company,
> *because it had no such legal existence* as would entitle it to be a grantee in a deed
> of real estate."

*Id.* at 709 (quoting *Trexler v. Africa*, 42 Pa. Super. Ct. 542, 547-48 (1910)) (emphasis added).

The ruling on exceptions in *Mercer* made clear that a conveyance is invalid under *Africa*

"only where there is no entity to which title could pass." 82 Pa. D. & C. at 250. Where the

entity is misnamed but the identity of the intended party is clear, the conveyance is valid. As the

*Mercer* court succinctly described the difference: "In Trexler v. Africa there was no true

corporate entity. In the case at bar the beneficial owner Santa Lucia of Hillsville was at all times

a duly constituted corporation." *Id.* at 246-47. In short, under *Africa* and *Mercer*, a grant of a

property interest to a purported entity that has "no . . . legal existence" is void, but a grant to a

legally existing entity that is incorrectly named is valid and enforceable.

In this regard, Pennsylvania law is consistent with decisions in numerous other

jurisdictions.

> The rule that a deed which names as grantee a fictitious person is void is based
> upon the physical nonexistence of the grantee named, and care must be taken to
> distinguish between a deed to a fictitious person who has no existence and to a

7

> person in existence who is described by a fictitious or an assumed name. If a living or legal person is identifiable as the grantee named in the deed, the deed is valid. . . . In other words, if a living or legal person is intended as the grantee and identifiable, the deed is valid however he may be named in the deed.

*Parsons v. Marshall*, 139 So. 2d 833, 837 (Miss. 1962) (quoting 16 Am. Jur., *Deeds* § 78);[6] *accord Hartman v. Thompson*, 65 A. 117, 119 (Md. 1906). "Generally, where an interest is conveyed to a fictitious grantee, no estate or interest is conveyed. However, 'where the parties intend to pass a present estate to an existent grantee but under a name other than the correct one, such a conveyance passes title to the intended grantee.'" *In re County Treasurer*, 763 N.E.2d 900, 903 (Ill. App. 2002) (quoting *Chance v. Kimbrell*, 35 N.E.2d 48, 51 (Ill. 1941)). The rule applies to a mortgage that identifies the mortgagee under an assumed or incorrect name. *See Scanlon v. Alexander*, 74 N.W. 146, 147-48 (Minn. 1898) (where mortgagee, without fraud, adopted an assumed name set forth in the mortgage, trial court erred in holding mortgage invalid; "[t]he court below . . . overlooked the distinction between the assumed name of a person actually identified and a wholly fictitious name without an identified person behind it."); *Fisher v. Milmine*, 94 Ill. 328, 329 (1880) (enforcing mortgage "although one of [the mortgagees] is called by a wrong name in the mortgage").

Application of this rule to the present case requires the rejection of Mr. Taggart's argument. Mr. Taggart fails to "distinguish between a [mortgage] to a fictitious person who has no existence and to a person in existence who is described by a fictitious or an assumed name." *Parsons v. Marshall*, 139 So. 2d 833, 837 (Miss. 1962). The undisputed fact is that "American Partners Bank" continued to exist, albeit under the name Waterfield Bank. The erroneous use of the prior name in the Mortgage executed by Mr. Taggart does not invalidate the Mortgage. The

---

[6] For the current edition of the cited reference, see 23 Am. Jur. 2d, *Deeds* § 29.

8

result might be different if Waterfield Bank had used an erroneous name in the Mortgage for a fraudulent purpose. But despite Mr. Taggart's repeated accusation that the bank acted fraudulently, he has presented no evidence to support the accusation. In the absence of any such evidence, he cannot establish that the Mortgage is unenforceable.

### C.   Notice of Default

The other issues in Mr. Taggart's Concise Statement require less extended discussion.

Mr. Taggart asserts that Plaintiff failed to provide notice "pursuant to the mortgage contract" of his default and the Plaintiff's intention to foreclose. The provision in the Mortgage requiring such notice was satisfied when Plaintiff mailed to Mr. Taggart an Act 91 Notice. An Act 91 Notice informs a mortgagor of his rights when his mortgage is in default, including how to cure the default by paying the amount due. 35 P.S. § 1680.403c. The Notice is mailed to the mortgagor's "last known address," and provides "an itemized breakdown of the total amount past due." *Id.* § 1680.403c(a), (b)(1). "Actual receipt is not an essential element to fulfill the notice requirement . . . ." *Second Fed. Sav. & Loan Ass'n v. Brennan*, 598 A.2d 997, 1000 (Pa. Super. 1991).

Although Mr. Taggart never claimed the Notice from the Postal Service, it is undisputed that it was mailed to him at the address of the mortgaged property. Mr. Taggart has not come forward with any evidence to rebut the Plaintiff's proof that the required Notice was mailed. He therefore cannot make out a genuine dispute on this issue that would preclude summary judgment for the Plaintiff.

### D.   Plaintiff's Standing

In his Concise Statement, Mr. Taggart challenges Plaintiff's standing as a "real party in interest" to act as the holder and enforcer of the note. The nature of this challenge is not clear. To the extent that is based on the asserted nonexistence of American Partners Bank, that issue is

discussed above. To the extent that it is based on a failure of Plaintiff to prove that it is the owner of the Mortgage, that proof is provided by the Corrective Assignment recorded on January 7, 2016. (Pl's Mot., Ex. A2.) *See US Bank N.A. v. Mallory*, 982 A.2d 986 (Pa. Super. 2009) (where mortgage foreclosure plaintiff alleges in complaint that it is owner of mortgage and that assignment is being formalized and recorded, plaintiff has standing to sue as assignee so long as written assignment is recorded prior to entry of judgment).

III.   **CONCLUSION**

For the reasons set forth above, Plaintiff is entitled to summary judgment for mortgage foreclosure against Mr. Taggart.

**BY THE COURT:**

JEFFREY S. SALTZ,   J.

copies mailed **via first-class mail** on 7-2 -18 to:
Francis S. Hallinan, Esquire
Robert J. Birch, Esquire
mailed on 7-2  -18 **via inter-office mail to:**
Elizabeth Catalano, Court Administration
copy **e-mailed** on 7- 2 -18 to:
Jessica@montgomerybar.org

EXHIBIT "G"

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| WELLS FARGO BANK N.A. | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| KENNETH TAGGART, | : |
| | : |
| Appellant | : No. 1384 EDA 2018 |

Appeal from the Order Dated March 27, 2018
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2010-08638

BEFORE:  GANTMAN, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 1, 2019**

Kenneth Taggart appeals the order entered on March 27, 2018, in the
Court of Common Pleas of Montgomery County.  The court granted Wells Fargo
Bank N.A.'s ("Wells Fargo") motion for summary judgment against Taggart in
a mortgage foreclosure action.  On appeal, Taggart argues the trial court erred
in granting summary judgment because (1) Wells Fargo did not provide proper
notice of default and intent to file the complaint; (2) the mortgage note was
not legally perfected; (3) the mortgage did not name the correct lender; and
(4) Wells Fargo lacked standing.[1]  On June 14, 2019, Taggart filed a motion

_____

[1] Taggart's first issue in both his Rule 1925(b) statement and in his brief is
that the trial court erred in granting summary judgment.  **See** Concise
Statement of Matters Complained of on Appeal, 5/21/2018, at unnumbered
page 1; Taggart's Brief, at 2.  In it, Taggart baldy alleges that the trial court

J-A10023-19

to take judicial notice.  Based upon the following, we affirm the decision of the

trial court and deny Taggart's application for relief in the form of a motion to

take judicial notice.

The trial court set out the relevant facts and procedural history as

follows:

> This action in mortgage foreclosure came before the [the trial
> c]ourt on cross-motions of the parties for summary judgment.
> The record as developed in those motions discloses the following
> undisputed facts:
>
> On December 16, 2008, [Taggart] executed a [m]ortgage on
> property located at 709 Schwab Road, Hatfield, Montgomery
> County, Pennsylvania.  The instrument identifies the lender and
> mortgagee as "American Partners Bank."[a]  It provides that before

erred in granting Wells Fargo's motion for summary judgment and denying his
motion for summary judgment.  *Id.*  However, under this heading in the body
of the brief, Taggart argues a variety of issues, including, that there are errors
in the  description of the property, various deficiencies in the complaint,
alleged errors in evidentiary rulings, and duplications of arguments made later
in the brief.  Taggart's Brief, at 7-24.  We note that, "[a] concise statement of
[errors] complained of on appeal must be specific enough to identify and
address each issue the appellant wishes to raise on appeal.  ***Mazurek v.
Russell***, 96 A.3d 372, 377 (Pa. Super. 2014).  An overly vague or broad
statement of matters complained of on appeal may result in waiver.
***Majorsky v. Douglas***, 58 A.3d 1250, 1258 (Pa. Super. 2012), *appeal denied*,
70 A.3d 811 (Pa. 2013). "When a court has to guess what issues an appellant
is appealing, that is not enough for meaningful review."  ***Commonwealth v.
McCree***, 857 A.2d 188, 192 (Pa. Super. 2004) (citation omitted), *affirmed*,
924 A.2d 621 (Pa. 2007).  Here, the trial court in its Rule 1925(a) opinion
addressed Taggart's first issue as follows, "[Issue 1] is generic and need not
be addressed beyond the discussion below of the other items."  Trial Court
Opinion, 7/02/2018, at n. 5.  Thus, the trial court was unable to discern from
Taggart's vague claim, the issues he now argues in his brief.  Accordingly, we
find that Taggart's first issue is both waived and duplicative; we will not further
discuss it.  *See Mazurek*, *supra* at 377; *Majorsky*, *supra* at 1258.

J-A10023-19

exercising its remedies in the event of default by [Taggart], the lender must send him written notice of the default and an opportunity to cure it.   [Taggart] failed to make the monthly payment due on December 1, 2009, and the payments due thereafter.   [Taggart] does not dispute his failure to make such payments, although he contends that such failure does not constitute a default under the [m]ortgage, for reasons discussed below.

> [a] Technically speaking, the [m]ortgage identifies "American Partners Bank" as the "Lender," and it identifies as the mortgagee "Mortgage Electronic Registration Systems, Inc. . . . solely as nominee for Lender and Lender's successors and assigns."  For purposes of [Taggart's] challenge to the validity of the [m]ortgage, the parties have treated "American Partners Bank" as the mortgagee, and this [o]pinion does the same.

A copy of an Act 91 Notice sent to [Taggart] is attached to [Wells Fargo's] [m]otion for [s]ummary [j]udgment as Exhibit D.  A copy of the envelope, included in the exhibit, shows that it was sent by certified mail to [Taggart] at the address of the mortgaged property, with a postage meter date of February 10, 2010. Notations by the postal authorities show a "first notice" of the certified mailing on "2/13" and a "second notice" on "2-18"; the envelope is stamped as "unclaimed" and shows a "returned" date of "3-2" (capitalization omitted).  The Act 91 Notice states that [Taggart] is in default, that he may cure the default by paying specified amounts within thirty days, and that if he fails to cure, the entire balance of the debt will be due and owing.

[Wells Fargo] filed its [c]omplaint in [m]ortgage [f]oreclosure on April 1, 2010.  The [c]omplaint alleged that "[t]he Plaintiff is now the legal owner of the mortgage and is in the process of formalizing an assignment of same."  On January 7, 2016, [Wells Fargo] recorded an instrument entitled Corrective Assignment of Mortgage, reflecting an assignment of the [m]ortgage from "Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns" to Wells Fargo Bank N.A.[b]

- 3 -

> [b] The [c]orrective [a]ssignment recites that a previous [a]ssignment had been recorded on May 18, 2010, but was being corrected because "that Assignment incorrectly shows the Assignor to be Mortgage Electronic Registration Systems, Inc. whereas it should show Mortgage Electronic Registration Systems, Inc., as nominee for American Partners Bank, its successors and assigns."

[Taggart] created an extensive record on the relevant history of American Partners Bank. Specifically, Exhibit F to [Taggart's] [m]otion for [s]ummary [j]udgment is an [a]udit [r]eport issued by the Office of Inspector General of the Treasury Department, entitled "Safety and Soundness: In-Depth Review of Waterfield Bank," dated July 14, 2011 (hereinafter, "Audit Report"). The Audit Report recites the following history:

### Waterfield Bank's History

> Since the institution's inception in 2000, Waterfield Bank has changed ownership three times. Initially, it opened on June 12, 2000, as Assurance Partners Bank, a federal chartered *de novo* thrift in Carmel, Indiana. . . .

> On April 8, 2005, Federal City Bancorp, Inc. acquired a controlling interest in the institution via a private placement. The headquarters were relocated to Bethesda, Maryland, and the name was changed to American Partners Bank. . . .

> . . . .

> On January 16, 2008, Affinity [Financial Corporation, Inc.] acquired Federal City Bancorp, Inc. and infused $20 million in American Partners Bank. The institution's *name was changed* to Waterfield Bank and a new board of directors and management team were installed.[c]

[Taggart] filed his [m]otion for [s]ummary [j]udgment on May 12, 2017. [Wells Fargo] filed its own [m]otion for [s]ummary

- 4 -

[j]udgment on November 7, 2017. The [m]otions were fully briefed, and oral argument was held on March 26, 2018. On March 27, 2018, [o]rders were issued denying [Taggart's] [m]otion and granting [Wells Fargo's] [m]otion; the latter [o]rder entered an *in rem* judgment against [Taggart] for foreclosure and sale of the mortgaged property. On April 23, 2018, [Taggart] filed a [m]otion for [r]econsideration of the [o]rder granting summary judgment in favor of [Wells Fargo]. That [m]otion was denied by [o]rder dated April 24,2018.[d]

[c] A [c]ertification from the Federal Deposit Insurance Corporation, also submitted by [Taggart], is to the same effect: "[E]ffective February 1, 2006, Assurance Partners Bank changed title to American Partners Bank . . .[;] effective January 21, 2008, American Partners Bank changed title to Waterfield Bank." [Taggart] acknowledges that Waterfield Bank had the same FDIC number as American Partners Bank.

[d] Several other filings deserve brief mention. On December 18, 2017, [Taggart] (acting *pro se*, although represented by counsel) filed a document entitled Notice of Fraud, attaching a letter addressed to several government officials complaining of [Wells Fargo's] alleged fraud in relying on a [m]ortgage that [Taggart] claimed to be invalid. On January 22, 2018, [Wells Fargo] filed a [m]otion to [s]trike the [n]otice of [f]raud. In addition, on March 23 and 26, 2018, [Taggart] (again acting *pro se*) filed seven [m]otions to [t]ake [j]udicial [n]otice of documents described as follows: public records of the Federal Deposit Insurance Corporation, public records of the Federal Reserve Board, a certification of the Federal Deposit Insurance Corporation, a certificate of the Office of the Comptroller of Currency, the Audit Report referred to above, a [p]etition for [w]rit of [m]andamus filed by [Taggart] in federal court, and a [c]omplaint filed by [Taggart] in federal court against [the trial c]ourt and the Commonwealth of Pennsylvania. On March 27, 2018, the same day that the [m]otions for [s]ummary [j]udgment were decided, [the trial c]ourt dismissed [Taggart's] [m]otion to [s]trike as moot. Also on that

- 5 -

date, the [trial c]ourt denied [Taggart's] [m]otions to [t]ake [j]udicial [n]otice. The [o]rder noted that the [m]otions to [t]ake [j]udicial [n]otice were improperly filed by [Taggart] *pro se*, even though he was represented by counsel. Further, the Order explained:

> To the extent that the documents that are the subjects of the seven [m]otions are attached as exhibits to [Taggrt's] [m]otion for [s]ummary [j]udgment or his opposition to [Wells Fargo's] [m]otion for [s]ummary [j]udgment, a separate request to take judicial notice of such documents is unnecessary, as the exhibits are already part of the record. To the extent that such documents, issued by government agencies, are not already exhibits, they are redundant and cumulative, as the fact of the name change of the bank is already established. To the extent that [Taggart] requests judicial notice of filings made by him in Federal Court, they are irrelevant to the proceedings before this Court.

[Taggart's] subsequently filed [n]otice of [a]ppeal states that he is appealing "from the order(s) signed on March 27, 2018 and April 24, 2018," which might be construed to include the two [o]rders referred to in this footnote. The [o]rders are not mentioned, however, in his [c]oncise [s]tatement of [errors] [c]omplained of on [a]ppeal, and therefore they are not addressed further in this [o]pinion.

[Taggart] filed a [timely] [n]otice of [a]ppeal on April 26, 2018,[2] and subsequently filed a timely [c]oncise [s]tatement of [errors]

---

[2] On June 19, 2018, this Court issued a rule to show cause as to why we should not quash the appeal as untimely. Taggart filed a response on June 28, 2018. On July 5, 2018, this Court discharged the rule to show cause. Our

J-A10023-19

[c]omplained of on [a]ppeal.  On July 2, 2018, the trial court issued an opinion.]

Trial Court Opinion, 7/02/2018, at 1-5 (record citations omitted, emphasis in original).

Initially, we note that, on June 14, 2019, more than one month after oral argument and submission of this case to the merits panel, Taggart filed an application for relief in the form of a motion to take judicial notice.  The Pennsylvania Rules of Appellate Procedure provide:

**(a) General rule.** After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument.

**(b) Change in status of authorities.** If any case or other authority relied upon in the brief of a party is expressly reversed, modified, overruled or otherwise affected so as to materially affect its status as an authoritative statement of the law for which originally cited in the jurisdiction in which it was decided, enacted or promulgated, any counsel having knowledge thereof shall file a letter, which shall not contain any argument, transmitting a copy of the slip opinion or other document wherein the authority relied upon was affected.

Pa.R.A.P. 2501(a) and (b).  Here, Taggart's application does not allege any change in the status of authorities and is merely a reiteration and expansion of the arguments made in both his brief and his reply brief.  Moreover, his

---

review of the record demonstrates that Taggart timely filed his notice of appeal.

application does not comply with Pennsylvania Rule of Evidence 201, which sets forth the criteria for taking judicial notice. Accordingly, we deny the application.

On appeal, Taggart raises five issues in support of his contention that the trial court erred in granting Wells Fargo's motion for summary judgment. *See* Taggart's Brief at 2. We have disposed of the first issue; we summarize his arguments on the remaining issues as follows. The trial court erred in granting summary judgment because Wells Fargo did not properly serve the Act 91 Notice. *See id.* At 24-33. The trial court erred in granting summary judgment because the mortgage and note were not perfected because "American Partners Bank F.S.B." did not legally exist after January 16, 2008. *See id.* at 33-37. The trial court should not have granted summary judgment because Waterfield Bank was not the original lender. *See id.* at 37-38. Lastly, Taggart's claims that the trial court erred in granting summary judgment because Wells Fargo lacked standing as a real party in interest because it was not the holder in due course and not a party entitled to enforce the mortgage. *See id.* at 38-46.

Our standard of review is well settled:

[o]ur scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

- 8 -

> Summary judgment is appropriate only when the record clearly
> shows that there is no genuine issue of material fact and that the
> moving party is entitled to judgment as a matter of law.   The
> reviewing court must view the record in the light most favorable
> to the nonmoving party and resolve all doubts as to the existence
> of a genuine issue of material fact against the moving party. Only
> when the facts are so clear that reasonable minds could not differ
> can a trial court properly enter summary judgment.

*Bayview Loan Servicing LLC v. Wicker*, 163 A.3d 1039, 1043-44 (Pa.

Super. 2017) (citation omitted), *affirmed*, 206 A.3d 474 (Pa. 2019).

Moreover, "[i]n response to a summary judgment motion, the nonmoving

party cannot rest upon the pleadings, but rather must set forth specific facts

demonstrating a genuine issue of material fact." *Bank of Am., N.A. v.

Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014) (citation omitted), *appeal

denied*, 112 A.3d 648 (Pa. 2015). We have also stated, "[t]he holder of a

mortgage has the right, upon default, to bring a foreclosure action.  The holder

of a mortgage is entitled to summary judgment if the mortgagor admits that

the mortgage is in default, the mortgagor has failed to pay on the obligation,

and the recorded mortgage is in the specified amount." *Id.* at 464-465

(citation omitted).  "This is so even if the mortgagors have not admitted the

total amount of the indebtedness in their pleadings." *Cunningham v.

McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. 1998), *appeal denied*, 734

A.2d 861 (Pa. 1999).

Here, the trial court in its Rule 1925(a) opinion provided a thorough and

well-reasoned discussion of Taggart's second[3] through fifth arguments on

appeal. *See* Trial Court Opinion, 7/02/2018, at 1-10 (finding (1) the use of an

old version of the bank's name on the mortgage did not render it void;[4] (2)

---

[3] We briefly note that, to the extent that Taggart is contending that Wells Fargo did not serve the Act 91 Notice at his last known address rather than that they did not serve at the mortgaged property, he has waived the claim. As Wells Fargo correctly notes, and as our review of the certified record demonstrates, Taggart did not raise this argument in either his motion for summary judgment or in his response to Wells Fargo's motion for summary judgment, instead he raised it for the first time in his motion for reconsideration. *See* Wells Fargo's Brief, at 25-27 (citing to certified record). We have held both that a party cannot raise arguments not raised in opposition for summary judgment to challenge the grant of summary judgment for the first time on appeal and that a party cannot raise an argument for the first time in a motion for reconsideration. *Krentz v. Consol. Rail Corp.*, 910 A.2d 20, 37 (Pa. 2006) (citation omitted)("arguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal."); *Kelly v. Siuma*, 34 A.3d 86, 94 n. 8 (Pa. Super. 2011) (holding trial court properly refused to consider issue raised for first time in motion for reconsideration), *appeal denied*, 42 A.3d 294 (Pa. 2012).

[4] In its discussion of Taggart's related third and fourth contentions, the trial court relies upon a Court of Common Pleas case, *Mercer v. Santa Lucia of Hillsville*, 82 Pa. D. & C. 233 (Lawrence, 1952), as well as several out-of-state cases. We have stated that, "court of common pleas decisions provide, at most, persuasive but not binding authority." *Sears, Roebuck & Co. v. 69th St. Retail Mall, L.P.*, 126 A.3d 959, 972 (Pa. Super. 2015). Moreover, "[t]he decisions of courts of other states are persuasive, but not binding, authority." *Huber v. Etkin*, 58 A.3d 772, 780 n.8 (Pa. Super. 2012) (citation omitted), *appeal denied*, 68 A.3d 909 (Pa. 2012). We have been unable to discover any pertinent decisions by this Court or the Pennsylvania Supreme Court on the related issues and find the law cited by the trial court to be persuasive. Moreover, in his underdeveloped argument, Taggart has failed to

American Partners Bank is an older name for Waterfield Bank and they used the same FDIC number; (3) Wells Fargo properly served the notice of default; and (4) Wells Fargo had standing.)

Our review of the record reveals ample support for the trial court's conclusions. Accordingly, we adopt the reasoning of the trial court and affirm its order in favor of Wells Fargo.

Order affirmed. Application for relief in the form of a motion to take judicial notice denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/1/19

---

cite to any legal authority in support of his contentions and has completely failed to address the law cited by the trial court in support of its decision. The burden is on Taggart to demonstrate that the trial court either abused its discretion or committed an error of law. It is also his burden, not this Court's, to support that argument with relevant authority. **See Hackett v. Indian King Residents Assoc.**, 195 A.3d 248, 254-255 (Pa. Super. 2018) (holding it is appellant's responsibility to develop argument with citation to relevant supporting authority).

EXHIBIT "H"



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

OFFICE OF
INSPECTOR GENERAL

January 15, 2016

Mr. Ken Taggart
45 Heron Rd
Holland, Pa 18966

Re: Certification of Treasury OIG Audit Report

Dear Mr. Taggart:

This letter follows up on my January 14, 2016 email to you, regarding your request for a certification as to the authenticity of Treasury OIG audit report OIG-11-085, the material loss review of Waterfield Bank. I certify, as Counsel to the Treasury Inspector General, that the work recorded in this report is work we are required to perform in accordance with a provision of the Federal Deposit Insurance Corporation Improvement Act, 12 U.S.C. 1831o(k), which states:

(k) Reviews required when Deposit Insurance Fund incurs losses

(1) In general If the Deposit Insurance Fund incurs a material loss with respect to an insured depository institution on or after July 1, 1993, the Inspector general of the appropriate Federal banking agency shall—
(A) make a written report to that agency reviewing the agency's supervision of the institution (including the agency's implementation of this section), which shall—
(i) ascertain why the institution's problems resulted in a material loss to the Deposit Insurance Fund; and
(ii) make recommendations for preventing any such loss in the future; and
(B) provide a copy of the report to—
(i) the Comptroller General of the United States;
(ii) the Corporation (if the agency is not the Corporation);
(iii) in the case of a State depository institution, the appropriate State banking supervisor; and
(iv) upon request by any Member of Congress, to that Member.

(2) Material loss incurred For purposes of this subsection:
(A) Loss incurred The Deposit Insurance Fund incurs a loss with respect to an insured depository institution—
(i) if the Corporation provides any assistance under section 1823(c) of this title with respect to that institution; and—
(I) it is not substantially certain that the assistance will be fully repaid not later than 24 months after the date on which the Corporation initiated the assistance; or
(II) the institution ceases to repay the assistance in accordance with its terms; or
(ii) if the Corporation is appointed receiver of the institution, and it is or becomes apparent that the present value of the outlays of the Deposit Insurance Fund with respect to that institution will exceed the present value of receivership dividends or other payments on the claims held by the Corporation.
(B) Material loss defined The term "material loss" means any estimated loss in excess of—
(i) $200,000,000, if the loss occurs during the period beginning on January 1, 2010, and ending on December 31, 2011;

(ii)   $150,000,000, if the loss occurs during the period beginning on January 1, 2012, and ending on December 31, 2013; and

(iii)   $50,000,000, if the loss occurs on or after January 1, 2014, provided that if the inspector general of a Federal banking agency certifies to the Committee on Banking, Housing, and Urban Affairs of the Senate and the Committee on Financial Services of the House of Representatives that the number of projected failures of depository institutions that would require material loss reviews for the following 12 months will be greater than 30 and would hinder the effectiveness of its oversight functions, then the definition of "material loss" shall be $75,000,000 for a duration of 1 year from the date of the certification.

(3)   Deadline for report The Inspector general of the appropriate Federal banking agency shall comply with paragraph (1) expeditiously, and in any event, (except with respect to paragraph (1)(B)(iv)) as follows:

(A)   If the institution is described in paragraph (2)(A)(i), during the 6-month period beginning on the earlier of—

(i)   the date on which the institution ceases to repay assistance under section 1823(c) of this title in accordance with its terms, or

(ii)   the date on which it becomes apparent that the assistance will not be fully repaid during the 24-month period described in paragraph (2)(A)(i).

(B)   If the institution is described in paragraph (2)(A)(ii), during the 6-month period beginning on the date on which it becomes apparent that the present value of the outlays of the Deposit Insurance Fund with respect to that institution will exceed the present value of receivership dividends or other payments on the claims held by the Corporation.

(4)   Public disclosure required

(A)   In general The appropriate Federal banking agency shall disclose any report on losses required under this subsection, upon request under section 552 of title 5 without excising—

(i)   any portion under section 552(b)(5) of that title; or

(ii)   any information about the insured depository institution under paragraph (4) (other than trade secrets) or paragraph (8) of section 552(b) of that title.

(B)   Exception  Subparagraph (A) does not require the agency to disclose the name of any customer of the insured depository institution (other than an institution-affiliated party), or information from which such a person's identity could reasonably be ascertained.

(5)   Losses that are not material

(A)   Semiannual report For the 6-month period ending on March 31, 2010, and each 6-month period thereafter, the Inspector General of each Federal banking agency shall—

(i)   identify losses that the Inspector General estimates have been incurred by the Deposit Insurance Fund during that 6-month period, with respect to the insured depository institutions supervised by the Federal banking agency;

(ii)   for each loss incurred by the Deposit Insurance Fund that is not a material loss, determine—

(I)   the grounds identified by the Federal banking agency or State bank supervisor for appointing the Corporation as receiver under section 1821(c)(5) of this title; and

(II)   whether any unusual circumstances exist that might warrant an in-depth review of the loss; and

(iii)   prepare and submit a written report to the appropriate Federal banking agency and to Congress on the results of any determination by the Inspector General, including—

(i)   an identification of any loss that warrants an in-depth review, together with the reasons why such review is warranted, or, if the Inspector General determines that no review is warranted, an explanation of such determination; and

(ii)   for each loss identified under subclause (I) that warrants an in-depth review, the date by which such review, and a report on such review prepared in a manner consistent with reports under paragraph (1)(A), will be completed and submitted to the Federal banking agency and Congress.

(B) Deadline for semiannual report The Inspector General of each Federal banking agency shall—

(i)   submit each report required under paragraph (A) expeditiously, and not later than 90 days after the end of the 6-month period covered by the report; and

(ii)   provide a copy of the report required under paragraph (A) to any Member of Congress, upon request.

(6) GAO review  -

The Comptroller General of the United States shall, under such conditions as the Comptroller General determines to be appropriate, review reports made under paragraph (1) and recommend improvements in the supervision of insured depository institutions (including the implementation of this section).

I further attest that the report with that number found on our website is a complete and accurate version of the official Material Loss Review made and submitted by the Treasury OIG, to wit OIG-11—085, SAFETY AND SOUNDNESS, In-Depth Review of Waterfield Bank, July 14, 2011, and that the link on our website, incorporated in my January 14 email to you, is a complete and accurate copy of the original report issued by the Treasury OIG in this matter pursuant to our regular and statutorily-mandated duties.

In conclusion, I certify, consistent with Pennsylvania Rule of Evidence 902(2), that this report bears the seal of the U.S. Department of the Treasury Office of Inspector General, as well as the signature of a responsible officer thereof who had the official capacity to carry out the official duty of conducting and issuing this report.

Please call me on 202-927-3973 or email me at delmarr@oig.treas.gov if you have further questions.

Sincerely,

Richard K. Delmar
Counsel to the Inspector General












# Audit Report



OIG-11-085

SAFETY AND SOUNDNESS: In-Depth Review of Waterfield Bank

July 14, 2011

# Office of Inspector General

Department of the Treasury

# Contents

Memorandum for the Acting Director

Section I    Moss Adams Report on the In-Depth Review of Waterfield

Section II   Report Distribution

This page intentionally left blank.



**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

OFFICE OF
INSPECTOR GENERAL

July 14, 2011

**MEMORANDUM FOR JOHN E. BOWMAN**
**ACTING DIRECTOR**

FROM:          Michael Maloney /s/
               Director, Fiscal Service

SUBJECT:       In-Depth Review of Waterfield Bank

### INTRODUCTION

The Office of Thrift Supervision (OTS) closed Waterfield Bank (Waterfield),
Germantown, Maryland, and appointed the Federal Deposit Insurance Corporation
(FDIC) as receiver on March 5, 2009. As of May 31st, 2011, FDIC estimated that
Waterfield's loss to the Deposit Insurance Fund was $42.5 million.

Pursuant to section 38(k) of the Federal Deposit Insurance Act, we contracted with
Moss Adams LLP (Moss Adams), an independent certified public accounting firm,
to perform an in-depth review of the failure of Waterfield. Moss Adams's report
dated July 5, 2011, is provided as Section I.

It should be noted that Moss Adams initiated its work under the material loss
review provision of section 38(k) which at the time of Waterfield's failure defined a
loss to the Deposit Insurance Fund as material if the loss exceeded the greater of
$25 million or 2 percent of the institution's total assets. That provision also
required that our office conduct a review into the causes of the failure and the
supervision exercised over the institution. Effective July 21, 2010, section 38(k)
was amended by P.L. 111-203, also known as the Dodd-Frank Wall Street Reform
and Consumer Protection Act. As a result, among other things, the loss threshold
to the Deposit Insurance Fund triggering a required material loss review was reset
as follows: losses that exceed $200 million for calendar years 2010 and 2011,
$150 million for calendar years 2012 and 2013, and $50 million for calendar year
2014 and thereafter (with a provision that the threshold can be raised temporarily
to $75 million if certain conditions are met). As amended, section 38(k) provides
that the cognizant Inspector General is to perform an in-depth review of failures
under the material loss threshold if the Inspector General determines that unusual
circumstances exist with respect to the failure. Because Moss Adams's fieldwork
was substantially finished when section 38(k) was amended, we determined that

Page 2

this was an unusual circumstance and therefore we directed Moss Adams to complete its review of Waterfield as an in-depth review.

**RESULTS OF IN-DEPTH REVIEW**

We concur with Moss Adams's report that indicated:

- Waterfield failed primarily because of (1) a significant decline in value and liquidity of their non-agency collateralized mortgage obligation securities (CMOs) and (2) the write-down of assets resulting from purchase accounting adjustments. Secondary causes of failure included (1) significant loan delinquencies and losses incurred on loans and (2) inadequate capital relative to the risk level of its CMOs, poor loan quality, and high overhead structure. Waterfield Bank became reliant on brokered deposits upon its purchase by Affinity Financial Corporation, Incorporated. Starting in January 2008, Waterfield Bank's business plan was to rely almost exclusively on a related party to provide deposits. As the condition of the institution deteriorated, Waterfield Bank faced restrictions on its acceptance of brokered deposits and its access to federal borrowings became limited. These conditions collectively created a capital deficit and liquidity issue that prompted OTS to close the institution.

- OTS's supervision of Waterfield Bank did not prevent a significant loss to the Deposit Insurance Fund. OTS identified concentrations in non-agency CMOs, valuation issues with their purchase accounting, and poor loan quality early on, but did not adequately address the associated risk.

Details of Moss Adams's conclusions are in their report.

Moss Adams recommended in the report that OTS:

- appropriately curtails high-risk business strategies employed by insured institutions through appropriate formal supervisory enforcement actions.

- performs a more thorough evaluation of the financial condition and business plan of prospective acquirers, including following protocol for monitoring the execution of the business plan.

- ensures that thrifts comply with conditions stated in approval documents on an ongoing basis, including prompt follow-up if required submissions are not timely received. Additionally, OTS staff should be directed to review such submissions in a timely manner and take appropriate supervisory action when deviations or other problems are identified.

Page 3

- ensures that supervision of thrifts is not adversely impacted by the assignment of personnel to internal failed bank reviews.

While we believe these recommendations are appropriate based on the findings and conclusions by Moss Adams, it should be noted that pursuant to P.L. 111-203, the functions of OTS will transfer to other federal banking agencies on July 21, 2011. Additionally, OTS is to be abolished effective 90 days after the transfer date.

## OBJECTIVES, SCOPE, AND METHODOLOGY

We contracted with Moss Adams to perform an in-depth review of Waterfield in accordance with generally accepted government auditing standards. We evaluated the nature, extent, and timing of the work; monitored progress throughout the audit; reviewed the documentation of Moss Adams; met with partners and staff members; evaluated the key judgments; met with OTS officials; reviewed OTS supervisory records; and performed other procedures we deemed appropriate in the circumstances. We conducted our work in accordance with generally accepted government auditing standards.

Section II identifies the recipients of this report. Should you wish to discuss the report, you may contact me at (202) 927-6512.

This page intentionally left blank.

Section I

Moss Adams LLP's Report on the
In-Depth Review of Waterfield Bank

This page intentionally left blank.

**Waterfield Bank**
In-Depth Review
Safety and Soundness Performance Audit
July 5, 2011

This page intentionally left blank.

**Waterfield Bank**
**In-Depth Review**
**Safety and Soundness**
**Performance Audit**
**July 5, 2011**

## Abbreviations

| | |
|---|---|
| ALLL | allowance for loan and lease losses |
| ASC | Accounting Standards Codification |
| CCR | Consolidated Capital Requirement |
| C&D | cease and desist order |
| C.F.R. | Code of Federal Regulations |
| CMOs | collateralized mortgage obligation securities |
| DRR | Division of Resolutions and Receiverships |
| FDIC | Federal Deposit Insurance Corporation |
| FHLB | Federal Home Loan Bank |
| FRB | Federal Reserve Board |
| GAAP | generally accepted accounting principles |
| MRBA | matters requiring board attention |
| OTS | Office of Thrift Supervision |
| OTTI | other-than-temporary impairment |
| PCA | prompt corrective action |
| ROE | report of examination |
| SNL | SNL Financial LC |
| U.S.C. | United States Code |
| TFR | Thrift Financial Report |

# Results in Brief

At March 5, 2010, the organization of related entities of Waterfield Bank was as follows:



Waterfield Bank was originally capitalized with $11 million in June 2000 and was named Assurance Partners Bank. Assurance Partners Bank was unable to reach profitability and in April 2005, Federal City Bancorp, Inc., infused $8 million in capital into Assurance Partners Bank and changed the name to American Partners Bank. American Partners Bank was unable to achieve profitability and on January 16, 2008, Affinity infused $20 million in capital and changed the name to Waterfield Bank, which later failed on March 5, 2010. The Federal Deposit Insurance Corporation (FDIC) estimated that the loss to the Deposit Insurance Fund from Waterfield Bank's failure was $42.5 million.

Waterfield Bank failed primarily because of (1) a significant decline in value and liquidity of their non-agency collateralized mortgage obligation securities (CMOs) and (2) the write-down of assets resulting from purchase accounting adjustments. Secondary causes of failure included (1) significant loan delinquencies and losses incurred on loans and (2) inadequate capital relative to the risk level of its CMOs, poor loan quality, and high overhead structure. Waterfield Bank became reliant on brokered deposits upon its purchase by Affinity. Starting in January 2008, Waterfield Bank's business plan was to rely almost exclusively on Waterfield Financial Services (WFS and a related party) to provide deposits. As the condition of the institution deteriorated, Waterfield Bank faced restrictions on its acceptance of brokered deposits and its access to federal borrowings became limited. The other-than-temporary impairment (OTTI) on non-agency CMOs, write-down of assets from purchase accounting adjustments, increase in nonperforming loans, and continued losses from a high overhead structure, combined with the institution's inability to obtain reliable funding, created a capital deficit and liquidity issue that prompted OTS to close the institution.

OTS's supervision of Waterfield Bank did not prevent a significant loss to the Deposit Insurance Fund. OTS identified concentrations in non-agency CMOs, valuation issues with their purchase accounting, and poor loan quality early on, but did not adequately address the associated risk. OTS took enforcement action against the institution only after the non-agency CMO concentrations became problematic. The purchase accounting adjustments, which had a material impact on regulatory capital, were not finalized and recorded until approximately two years after the acquisition by Affinity. In addition, OTS reached a supervisory judgment on a matter in 2008 that was inconsistent with Waterfield Bank's risk profile. Specifically, OTS upgraded Waterfield Bank's CAMELS composite rating from 4 to 3 based on the $20 million capital infusion by Affinity and the new management team brought on to run the institution. However, there were no underlying changes in Waterfield Bank's condition that warranted the upgraded composite rating. Finally, OTS's 2008 full scope examination of Waterfield Bank took significantly longer than the typical examination of a similar-sized institution. At the time of the 2008 examination, certain OTS field personnel were assigned to internal failed bank reviews. This was in addition to their normal workload, which contributed to their untimely completion of the examination.

In accordance with its policy, OTS conducted an internal failed bank review of Waterfield Bank and determined that the thrift's failure was primarily caused by a significant concentration of non-agency CMOs that incurred considerable deterioration in value, which directly contributed to Waterfield Bank's negative capital position and failure. In its review, OTS also concluded that the heavy general and administrative expenses Waterfield Bank incurred building an infrastructure to support projected growth, as well as the reduction in value associated with the acquired held-to-maturity loan portfolio, which necessitated a decrease in equity capital, contributed to Waterfield Bank's failure. The review identified areas of weakness in OTS's supervision of Waterfield Bank related to eligibility examinations and approval applications for potential savings and loan holding companies. Our in-depth review affirmed OTS's internal findings and the need for corrective action.

We are recommending that OTS (1) appropriately curtails high-risk business strategies employed by insured institutions through appropriate formal supervisory enforcement actions; (2) performs a more thorough evaluation of the financial condition and business plan of prospective acquirers, including following protocol for monitoring the execution of the business plan; (3) ensures that thrifts comply with conditions stated in approval documents on an ongoing basis, including prompt follow-up if required submissions are not timely received. Additionally, OTS staff should be directed to review such submissions in a timely manner and take appropriate supervisory action when deviations or other problems are identified; and (4) ensures that supervision of thrifts is not adversely impacted by the assignment of personnel to internal failed bank reviews.

# Causes of Waterfield Bank's Failure

Waterfield Bank failed because of a significant decline in value and liquidity of its non-agency CMOs that resulted in a $7.9 million OTTI charge to income in December 2009 and a write-down of $7.7 million in assets in December 2009, resulting from purchase accounting adjustments recorded after its acquisition by Affinity. Secondary causes of Waterfield Bank's failure were poor asset quality and high overhead costs, which resulted in operating losses. These factors, combined with Waterfield Bank's inability to obtain reliable funding sources, created a capital deficit and liquidity issue that prompted OTS to close the institution on March 5, 2010.

## High Concentration in Non-Agency Collateralized Mortgage Obligation Securities

OTS defines a concentration as a group of similar types of assets or liabilities that, when aggregated, exceeds 25 percent of an institution's core capital plus allowance for loan and lease losses (ALLL). Concentrations pose risk to an institution because negative events affecting overly concentrated groups of assets can have a highly detrimental impact on the institution. Waterfield Bank maintained high concentrations of non-agency CMOs in its investment portfolio.

Waterfield Bank was recapitalized on January 16, 2008, with a $20 million capital infusion by Affinity, and had total assets at the time of $160 million. Shortly thereafter, management leveraged Waterfield Bank's balance sheet by investing in AAA-rated non-agency CMOs, building the portfolio to more than $121.1 million by June 30, 2008. The AAA non-agency CMOs portfolio peaked at September 30, 2008, at $125 million, or 800 percent of total capital. The AAA non-agency CMO portfolio was funded by what was later determined to be brokered deposits from WFS, a related party. In the latter half of 2008, the non-agency CMO market declined, resulting in an illiquid market and significant unrealized losses.

By December 31, 2008, the unrealized loss on non-agency CMOs, net of tax, was approximately $16.7 million. This unrealized loss represented 84 percent of the $20 million of initial capital infused into Waterfield Bank. Management was unable to liquidate the investments due to both the illiquid market for non-agency CMOs and the accounting and regulatory capital implications. Ultimately, in the fourth quarter of 2009, Waterfield Bank concluded that it could no longer continue to carry the value of the non-agency CMOs at amortized cost, and, therefore, had to record an OTTI write-down of $7.9 million. This charge in the fourth quarter of 2009 contributed to the significant decline in capital, resulting in Waterfield Bank being critically undercapitalized.